## Conley v. Marshall et al.

May 16, 1947.

W. R. Prater, Judge.

Keenon & Odear for appellant.

Chester A. Bach for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is an appeal from a judgment of the Magoffin Circuit Court dismissing appellant's petition after overruling a demurrer to appellees' plea in abatement.

Both appellant and the two appellees are residents

of Magoffin County, Kentucky. On June 11, 1946, in Breathitt County, Kentucky, a bus owned by appellant collided with a motor vehicle being driven by appellee, Guy Marshall, who was accompanied by appellee, Luther Conley. Apparently this mishap resulted in damage to both vehicles and personal injuries to the two appellees.

In August 1946, appellees filed suit against appellant in the Breathitt Circuit Court to recover for personal injuries and property damage sustained in this accident. On September 13, 1946, appellant filed a suit against appellees in the Magoffin Circuit Court to recover property damages. This second action is the one we have before us.

In the suit brought by appellant in the Magoffin Circuit Court, appellees filed a "Plea in Abatement" wherein they alleged the bringing of the former suit in the Breathitt Circuit Court. This pleading states that the action in Breathitt County is one "involving the same accident, the same parties, and upon the same alleged facts, as are mentioned and set forth in the plaintiff's petition in this case."

A demurrer was filed to this plea and upon its being overruled, appellant declined to plead further and his petition was dismissed. Apparently in the Breathitt County suit appellant did not set up as a defense the claim which he attempts to assert against appellees in the Magoffin Circuit Court.

The single question presented is whether or not appellant has a right to maintain an independent action in the county where he and appellees reside after appellees had filed suit against him arising out of the same subject matter in another county where the accident occurred.

Under Section 74 of the Civil Code of Practice of Kentucky an action could have been brought originally by either of the parties to this litigation in the county where the prospective defendant resided or in the county where the injury was done. There is, therefore, no objection to the suit filed in Magoffin County by the appellant except the pendency of a prior action involving the same accident brought in another county.

Section 118 of the Civil Code of Practice of Kentucky provides that a party may by answer, or other proper pleading, make any of the objections mentioned in Section 92 of the Civil Code of Practice. Section 92, subsection 3, permits the plea: "That another action is pending, in this State, between the same parties, for the same cause."

Our question is thus narrowed to the determination of whether or not the suit brought by appellees in Breathitt County against appellant is the *same cause* as the suit brought by appellant in Magoffin County. Though admittedly both suits arise out of the same factual situation, it is our opinion that the claims asserted by the opposing parties constitute entirely independent and distinct causes of action.

It is true that appellant could have set up his cause of action by way of counterclaim in the Magoffin Circuit Court. Yet he was not required to do so in defending the action there. As stated in Jefferson, Noyes & Brown v. Western National Bank, 144 Ky. 62, at page 65, 138 S. W. 308, at page 310: "A defense must be presented, or it is lost; a counterclaim may be withheld for a separate action."

The same principle is recognized by Section 17 of the Civil Code of Practice of Kentucky, which provides in part that a judgment does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of counterclaim.

As stated in 1 Am. Jur., "Abatement and Revival," Section 37, p. 41: "According to the great weight of authority, the pendency of an action in which the defendant could avail himself of a claim against the plaintiff by way of set-off, counterclaim, or cross petition, cannot be asserted in abatement of the subsequent action commenced by the defendant against the plaintiff on such claim."

There is an exhaustive note on the subject in 8 A. L. R. 694.

A plea in abatement is available to prevent harassment of a defendant by two or more suits involving the same cause of action brought against him by a plaintiff. It cannot ordinarily be involved in different suits on dif-

ferent causes of action where the position of plaintiff and defendant is reversed. 1 Am. Jur., "Abatement and Revival," Section 26, p. 33.

It being our conclusion that appellant's suit is not the same cause as that in the suit brought by appellees, the demurrer to the plea in abatement should have been sustained.

In deciding this case on the single procedural question raised, we do not undertake to determine any question involving res judicata, or the effect which the first judgment between these parties arising out of this accident might have upon the further prosecution of the suit then undecided.

The judgment of the Magoffin Circuit Court is reversed for proceedings consistent with this opinion.