**BIGGS et al. v. LYONS et al.**
**Civ. A. 764.**

United States District Court,
W. D. Kentucky, at Paducah.
March 16, 1954.

Jos. J. Grace, Roy Vance, Andrew J. Palmer, Paducah, Ky., for plaintiffs.

Mahlon R. Shelbourne, Francis T. Goheen, Jos. S. Freeland, Paducah, Ky., for defendants.

MILLER, Circuit Judge (sitting by designation).

This action was originally filed in the McCracken Circuit Court and was thereafter removed by some of the defendants to the United States District Court for the Western District of Kentucky. Plaintiffs have moved to remand the action to the State court on the ground that the requisite diversity of citizenship does not exist.

The plaintiffs are seeking to enjoin certain officers and agents of the International Association of Bridge, Structural and Ornamental Iron Workers, a voluntary unincorporated organization, from suspending them as officers of Local Un-

**390**

ion 595 and taking control of the affairs and activities of the Local Union. The complaint alleges that the International Association charged them with violations of certain provisions of the Constitution of the International Association, which charges were heard and decided adversely to the plaintiffs by a Board which was biased and unfair, all for the purpose of crippling and destroying the Local Union and depriving its membership of control of its affairs. The Local Union is joined as a party plaintiff through the medium of a class action. The International Association is not made a party defendant.

■ All of the plaintiffs, except Marlowe, are citizens of Kentucky. Following a hearing, the Court has found Marlowe to be a citizen of Illinois. None of the defendants are citizens of Kentucky, but the defendant John L. McCarthy is a citizen of Illinois. Since one of the plaintiffs, Marlowe, and one of the defendants, McCarthy, are both citizens of Illinois, the requisite diversity of citizenship does not exist.

Defendants claim that McCarthy is not an indispensable party, but is a nominal party only who can be disregarded for the purposes of determining whether diversity of citizenship exists. Grant County Deposit Bank v. McCampbell, 6 Cir., 194 F.2d 469, 472, 31 A.L.R.2d 909. Evidence was taken for the purpose of showing what interest, if any, McCarthy had in the action.

■ McCarthy is proceeded against individually and as General Vice President and Representative of the International Association. Regardless of whether he is an indispensable party, the Court is of the opinion that he is a proper party. The International Union is not a legal entity suable in its union name and is not a party defendant. United Mine Workers v. Cromer, 159 Ky. 605, 167 S.W. 891. Plaintiffs are entitled to proceed against representatives, and particularly against its officers, for the purpose of preventing any illegal action against them on behalf of the International Association. Jackson v. International Union of Operating Engineers, 307

Ky. 485, 211 S.W.2d 138; International Union of Operating Engineers v. Bryan, Ky., 255 S.W.2d 471.

Since the plaintiffs have not seen fit to dismiss the action as to McCarthy, and are entitled to include him among the defendants, the required diversity of citizenship is lacking. Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, 956.

*Plaintiffs' motion to remand is sustained.*