**LYONS et al. v. SANDERS et al.**
**Civ. A. 767.**

United States District Court,
W. D. Kentucky, at Paducah.
March 16, 1954.

Mahlon Shelbourne, Francis T. Goheen, Jos. S. Freeland, Paducah, Ky., for plaintiffs.

Jos. J. Grace, Roy Vance, Andrew J. Palmer, Paducah, Ky., for defendants.

MILLER, Circuit Judge (sitting by designation).

This action, which was filed in the United States District Court for the Western District of Kentucky, arises out of the same facts which are involved in actions No. 764, Biggs v. Lyons, D.C., 120 F.Supp. 389; 765, Sanders v. International Association of Bridge, Structural and Ornamental Iron Workers, D.C., 120 F.Supp. 390, and 766, which were filed in the McCracken Circuit Court of Kentucky and thereafter removed to the United States District Court for the Western District of Kentucky prior to the filing of this action.

The facts which are involved in all four of the cases can be briefly summarized as follows: In the latter part of 1953, a controversy arose between the International Association of Bridge, Structural and Ornamental Iron Workers and Local Union No. 595 of International Association of Bridge, Structural and Ornamental Iron Workers, by reason of which, on or about September 29, 1953, charges were preferred against certain officers and members of the Local. Following a hearing on the charges, certain officers and members of the Local were suspended or expelled, including W. B. Sanders, Business Agent and Secretary-Treasurer, and P. B. Cloud, its President. John H. Lyons, General President of the International Association, appointed Charles C. Hobbs as Financial Secretary-Treasurer, Business Agent and Business Manager of the Local, and Juel Drake as President of the Local. In action No. 764, certain officers and members of the Local, including Cloud but excluding Sanders, who have refused to recognize the alleged ouster and surrender the offices, attacked the fairness and validity of the proceedings and seek to have the proceedings invalidated. In action No. 765, Sanders separately attacked the fairness and validity of the proceedings and his alleged ouster as Business Agent and Secretary-Treasurer of the Local. In action No. 766, the Peoples First National Bank & Trust Company of Paducah, Kentucky, instituted interpleader

proceedings to determine who was entitled to withdraw by check the sum of $13,488.51 on deposit in the bank to the credit of the Local, alleging that both the old officers and the new officers were claiming such right.

The present action was filed by Lyons as General President of the International Association, Hobbs individually and as Financial Secretary-Treasurer, Business Agent and Business Manager of the Local, and Drake individually and as President of the Local, against the suspended or expelled officers of the Local, for the purpose of having the Court declare the status and rights of the parties with respect to the offices of the Local and also its property, which were being claimed by both the old and new officers. The suit included as parties-defendant The Iron Workers Association, a Kentucky corporation, to which it was claimed certain funds of the Local had been transferred, the Peoples First National Bank & Trust Company of Paducah, Kentucky, and the Bank of Marshall County, which also had an account in the sum of $6,999.25 in the name of the Local Union. The complaint sets out the filing of the charges, the result of the hearing, the appointment of the new officers, and the claims of the old officers to the offices and property of the Local Union, asks the Court to determine the rights of the claimants with respect thereto, and for an injunction and other proper orders which would give the International Association and the new officers of the Local the effective control of the Local.

All of the defendants, except the two banks, have filed motions to dismiss the action. Numerous grounds in support of the motions are specified, all of which have been considered. Only the following, upon which reliance appears to be chiefly placed, will be discussed.

The International Association, as a legal entity, is not a party plaintiff. Defendants claim that it is an indispensable party to the action, and that the action should be dismissed for failure to make it a party. The International Association is an unincorporated voluntary association, and under Kentucky law, has no capacity to sue or be sued in its association name. United Mine Workers of America v. Cromer, 159 Ky. 605, 167 S.W. 891. In order to sue or be sued it is necessary to use the medium of a class action. Jackson v. International Union of Operating Engineers, 307 Ky. 485, 211 S.W.2d 138; International Union of Operating Engineers v. Bryan, Ky., 255 S.W.2d 471. Lyons suing both as General President of the International Association and for the International Association, together with allegations appropriate for a class action, brings the International Association into the case and before the Court. In any event, misjoinder or nonjoinder of parties is not ground for dismissal. Any defect in these respects can be remedied by dropping or adding parties upon order of the Court. Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendants also claim that Lyons, Hobbs and Drake do not have capacity to bring this action, are not proper representatives of the Local Union, and have no authority to bring the action on behalf of the Local Union. The plaintiffs Hobbs and Drake sue individually as well as officers of the Local and for the Local. The complaint alleges that they are officers of the Local Union. It also contains the usual allegations necessary for maintaining a class action. On a motion to dismiss these allegations are sufficient.

In actions No. 764 and 765 the plaintiffs obtained in the State court before removal an order restraining defendants in those actions from putting the ouster into effect. They contend as defendants in this action that the present plaintiffs, defendants in the State actions, are seeking relief which they are enjoined from having by reason of the State court restraining orders. The State court restraining orders are interlocutory in nature. They would not prevent the defendants in those actions from proceeding to enforce their claims in that litigation. Benson Hotel Corp.

v. Woods, 8 Cir., 168 F.2d 694, 697. We do not construe such an interlocutory order as prohibiting the parties against whom it is issued from attempting to enforce their claims by proper legal proceedings which are available to them. They have the right to have the issue determined on its merits by final judgment of a Court having jurisdiction of the controversy. Whether the present action was properly instituted, whether it has jurisdiction of the controversy and can be maintained in view of the pendency of the other proceedings, thus becomes the chief issue on the motion to dismiss.

The present action includes the controversies involved in the three prior actions. It also includes some questions which are not presented by the other three suits, such as the rights of the Iron Workers Association, Incorporated, and the Marshall County Bank, neither of which are parties to any of the other actions. Although Lyons, the President of the International Association, is made a party defendant in actions 764 and 765, he is not before the Court by service of process in those actions. The present action is the only one in which the Court has jurisdiction of him.

The State court actions are in personam. Such an action is not a bar to another action in the federal court arising out of the same facts. Prior to judgment in one of the suits no issue has become res adjudicata. Both a state and a federal court having concurrent jurisdiction over a particular controversy may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata to the other. Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850; McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762; Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226.

The present action is not identical with the other three actions. The plaintiffs here are defendants there. Three parties to this action who have an interest in the controversy are not before the Court in those actions. Their rights can be adjudicated in this action. Conley v. Marshall, 304 Ky. 745, 202 S.W.2d 382; Fitzgerald v. Abramson, D.C., 89 F.Supp. 504; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 189 F.2d 31, 34.

Defendants' motions to dismiss are overruled.