COMMONWEALTH of Kentucky, by, etc. (Robert H. Allphin, Commissioner of Revenue), Appellant,

v.

INTERSTATE GROCERY COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 28, 1955.

Wm. E. Scent, Patricia M. Hopkins, Joseph L. Schoepf, Frankfort, for appellant.

T. E. Mahan, Williamsburg, for appellee.

**CULLEN, Commissioner.**

The judgment of the Franklin Circuit Court, from which the Commonwealth moves for an appeal, dismissed an action in which the Commonwealth, on relation of the Commissioner of Revenue, had sought to recover from the Interstate Grocery Company a sum of more than $200 representing taxes, penalties and interest assessed against certain intangible property (accounts receivable) alleged to have been omitted from taxation for the years 1945 through 1953. The assessment is alleged to have been based upon a voluntary listing made by the taxpayer on August 31, 1953, under KRS 132.290. The ground for dismissal was that the Franklin Circuit Court did not have jurisdiction of the action.

The original complaint alleged in very simple terms that the defendant was indebted to the Commonwealth "for Omitted Intangible Property taxes, penalty and interest" in specified amounts. The defendant moved to dismiss on several grounds, one of which was lack of jurisdiction of the subject matter, and another of which was that the Commonwealth actually was attempting to increase the assessments on property that had been listed for taxation, rather than to recover taxes assessable against property that had not been listed. The defendant also filed an answer consisting of a general denial.

Subsequently, the Commonwealth moved for a summary judgment, accompanying this motion with photostatic copies of an "Omitted Intangible Property List" which the defendant had filed with the Department of Revenue, and of a certification of assessment which had been made by the department on the basis of the list the defendant had filed. The court ordered that these documents be made a part of the record and be considered as annexed to the complaint. The defendant filed nothing to contradict these exhibits or otherwise in opposition to the motion for summary judgment.

Upon the record above described the court entered judgment dismissing the complaint for lack of jurisdiction, and at the same time purporting to overrule the motion for summary judgment.

On this appeal the Commonwealth maintains not only that the court did have jurisdiction, but that the motion for summary judgment should have been sustained.

Under KRS 132.290, omitted property (including intangible property) may be assessed retroactively, "either voluntarily or by action," within a ten-year limitation period. The procedure for *voluntary* assessment of intangible property is set forth in KRS 132.320. Under the latter statute, the taxpayer lists the omitted property with the Department of Revenue. The department then makes an assessment and certifies to the local tax collectors "the description and value of the property situated within their respective districts that is so reported and assessed by the department *and that is liable for the payment of taxes to such districts*" (Our emphasis). Provi-

sion is made in subsection (2) for an appeal by a dissatisfied taxpayer to the Franklin Circuit Court, and thence to the Court of Appeals.

■ In considering the application of KRS 132.290 and 132.320, it must be kept in mind that accounts receivable are subject to state tax only, KRS 132.200(6). Therefore, in the case of an assessment of omitted accounts receivable by the Department of Revenue, based upon a voluntary listing by the taxpayer, there is no occasion to certify the assessment to the local tax collector, because the condition of such a certification imposed by KRS 132.320, that the property be liable for the payment of taxes to local taxing districts, does not exist. The tax liability is to the Commonwealth only.

■ Under KRS 134.380, the Commissioner of Revenue may prosecute actions for the collection of delinquent taxes, and under KRS 23.020, actions to collect revenue due the Commonwealth may be brought in the Franklin Circuit Court. Accordingly, it seems quite clear that the action here in question properly was brought in the Franklin Circuit Court, and that the court had jurisdiction.

The appellee's contention that the Franklin Circuit Court did not have jurisdiction seems to be predicated upon a disregard of the fact that the property here was *voluntarily* listed under KRS 132.320. The statutes relied upon by the appellee, such as KRS 132.330 and 132.340, deal with assessment of omitted property *by action,* which, under KRS 132.290, is an alternative to voluntary assessment. It is true that under KRS 132.330 and 132.340 an *action to assess* omitted property must be brought in the local county court, but here we do not have such an action. The action here is to *collect* delinquent taxes based upon a voluntary assessment.

KRS 133.230, providing for the making of tax bills for omitted taxes, and the delivery of such bills to the sheriff, is not applicable, because that statute refers only to situations where the valuation of omitted property is certified to the county clerk, and, as noted at an earlier point in this opinion, the Department of Revenue makes such a certification only where the property is liable for *local* taxes.

The appellee devotes considerable argument to the proposition that this is not a case of assessment of *omitted* property, but one involving an attempt to *increase* the assessment of property that was listed. He refers to "admissions" made by the Commonwealth in its brief in the circuit court. However, even if we could consider such admissions, the briefs referred to are not in the record before us. The only thing in the record before us to dispute the fact that this is a case of assessment of omitted property, based upon a voluntary listing by the taxpayer under KRS 132.320, is the bare assertion to the contrary made in the defendant's motion to dismiss the complaint.

■ As the record stands, there is nothing in the way of evidentiary matter to combat the exhibits filed by the Commonwealth on its motion for summary judgment—nothing to show that there is a genuine issue of fact as to the liability of the defendant for taxes based upon an assessment of omitted property. Accordingly, it would appear that the Commonwealth should be entitled to a summary judgment. However, we will not direct that summary judgment be entered, for two reasons. First, because there is serious doubt as to whether an order overruling a motion for summary judgment is reviewable under any circumstances; and second, because we think the lower court, having decided that it had no jurisdiction, acted erroneously in making any ruling on the motion for summary judgment. Upon remand of the case, it will be considered as though the motion was never ruled upon.

The motion for an appeal is granted and the judgment is reversed, for proceedings in conformity with this opinion.