**Ray ARMSTRONG et al., Appellants,**

v.

**Cecil BIGGS et al., etc., Appellees.**

Court of Appeals of Kentucky.

April 26, 1957.

Mahlon R. Shelbourne, Francis T. Goheen, Joseph S. Freeland, Paducah, for appellants.

Joseph J. Grace, Andrew J. Palmer, Roy N. Vance, Paducah, for appellees.

MONTGOMERY, Judge.

This action is a phase of the litigation involving the control of Local Union No. 595 of the International Association of Bridge, Structural and Ornamental Iron Workers, hereinafter referred to as Local and International, respectively. This is a second appeal. See Armstrong v. Biggs, Ky., 275 S.W.2d 60. For a complete history of this litigation, see also Armstrong v. Bryan, Ky., 273 S.W.2d 835; Lyons v. Bryan, Ky., 273 S.W.2d 838; Biggs v. Lyons, and allied cases, D.C., 120 F.Supp. 389–392; Sanders v. International Ass'n (Lyons v. Sanders, 3 cases), D.C., 130 F.Supp. 253; Sanders v. International Ass'n (Lyons v. Sanders, 3 cases), 6 Cir., 235 F.2d 271. For the purposes of this opinion, only the facts pertinent to the questions involved will be considered.

The action of the General Executive Board of the International in disciplining certain officers of the Local precipitated this deluge of litigation. These officers

were charged with violation of certain provisions of the constitution of the International. On December 5, 1953, the Board expelled W. B. Sanders for life as a member of the International and any affiliated local, and suspended P. B. Cloud, Cecil Biggs, Charles Hutcherson, and Charles Culp as officers of the Local for various periods of years. On December 11, 1953, the aggrieved parties appealed from the decision of the General Executive Board to the General Executive Council of the International, as provided by the constitution of the International. Such appeals were to be considered at the next regular convention of the International to have been held in October 1956. The results of those appeals are not known.

The instant action was filed in the McCracken Circuit Court on December 11, 1953, the same day the appeals from the General Executive Board decision were filed. Excluding Sanders, the disciplined parties, together with others, individually and as members of the Local on behalf of all the members of the Local, filed this action against J. H. Lyons, James R. Downes, John L. McCarthy, Ray Armstrong, Charles Hobbs, and Juel Drake, individually and as officers and representatives of the International. The complaint charged that the General Executive Board decision was unfair, biased, and not sustained by law or by the evidence. Certain specific bases for the above conclusions were also alleged. Orders, both temporary and permanent in nature, were sought to restrain the defendants from taking or exercising control of the Local. By answer, counterclaim, and reply, issues were made concerning the validity of the Board's decision and the futility of appeal therefrom.

In our view of the case, the rulings of the Judge of McCracken Circuit Court involving motions made pursuant to CR 30.02, to defer the taking of certain depositions, and CR 37.05, to strike certain pleadings of appellants and enter default judgment, are decisive.

On March 8, 1955, appellees served notice by mail on appellants' attorneys of their intention to take the depositions by oral examination of appellants Armstrong, Hobbs, and Drake on March 23, 1955, at a designated place in Paducah, Kentucky. On March 18, 1955, pursuant to notice given on March 15, 1955, appellants filed two motions: (1) to defer and postpone all further proceedings in this action pending a decision on the merits of Civil Action No. 767, styled Lyons v. Sanders, in the District Court of the United States for the Western District of Kentucky, subsequently reported in 130 F.Supp 253; and (2) to set aside the notice to take the depositions of appellants and/or to change the place of taking to St. Louis, Missouri, or the respective state and county of residence of each of the appellants, or, in the alternative, to provide that the depositions might be taken only on written interrogatories.

The motion to defer was supported by an affidavit of one of appellants' attorneys in which the pendency and issues of the federal court action were shown and to which were attached copies of the complaint and answer in that action. The same parties and attorneys were involved in both actions. In the federal court action, more than 1,000 pages of evidence had been taken and introduced on the merits, and briefs totaling 146 pages had been submitted. The record and briefs in that action had been forwarded on or about February 23, 1955, to the appropriate federal court judge for consideration. It was urged in the motion that since a decision on the merits was imminent in the federal court case, proceedings in the instant case should be deferred and postponed in the interest of comity and economy of time and expense until that decision had been reached.

The motion to vacate was also supported by affidavit of appellants' attorney. The affidavit and exhibits filed with the motion to defer were incorporated by reference. The nonresidency and absence of the ap-

pellants, together with their home addresses, were shown.

Both motions were overruled on March 18, 1955. By further order, the appellants were directed to comply with the notice to take the depositions under penalty of having all or any part of their pleadings stricken and entry of default judgment, pursuant to CR 37.05.

On March 23, 1955, the court overruled a later motion to stay, defer, and postpone the taking of the depositions until the final disposition of the Lyons v. Sanders action in federal court. It was urged that such taking was unnecessary and improper and would subject appellants to unnecessary annoyance, expense, embarrassment, and oppression, under CR 30.02. It was shown that a decision on the merits had been rendered on March 18, 1955, in federal court, the action was awaiting entry of final judgment, and a copy of the opinion was annexed to the motion. The opinion mentioned is cited above. The statements in the motions and supporting documents were uncontradicted.

On March 23, 1955, appellants' motion to stay was overruled. At the appointed time for the taking of depositions, appellants were not present but their attorneys appeared. Appellees filed a motion to strike all of the pleadings of appellants and for a default judgment against them. On March 24, 1955, the trial court found that the failure of appellants to appear was willful and deliberate and sustained the motion to strike their pleadings and enter default judgment in favor of appellees. It was concluded as a matter of law under CR 37.05 that the appellees were entitled to a judgment in accord with the prayer of their complaint, and such a judgment was rendered, from which this appeal is taken.

The first question to be determined is whether the trial court abused its discretion in refusing to postpone proceedings in this action until the federal court case was decided. This is a broad statement of the question and encompasses the rulings made on the three motions of appellants. A consideration of CR 30.02 and CR 37.05 is necessary since the penalty under the latter rule was inflicted for the failure of appellants to appear. There are other contentions made concerning these rulings which are unnecessary to consider.

The pertinent part of CR 30.02 is quoted:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place, other than that stated in the notice, or that it may be taken only on written interrogatories, * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, expense, embarrassment, or oppression."

 This rule permits the court, in its discretion and for good cause shown, to make various orders for the protection of the party or person to be examined. The party giving notice to take a deposition has no absolute right to dictate the time, place, date, or manner of the taking. The party or person sought to be examined has certain rights which are protected by CR 30.02, as well as by other of the Civil Rules of Procedure. Such protective measures are necessary as a safeguard against the misuse of the right of discovery under CR 26, and as a deterrent to the improper utilization of the procedure. The motions to defer and postpone further proceedings and to vacate the notice, etc., were appropriate procedures to obtain the relief afforded by CR 30.02. Clay, CR 30.02, Comments: Moore's Federal Practice, Volume 4, Section 30.04, page 2023. CR 30.02, governing protection of the party before examination, and CR 30.04, controlling protection during the course of examination, are provisions giving the court

broad power to control the use of the discovery process and to prevent its abuse. The exercise of this power is within the sound discretion of the court. Barron and Holtzoff, Federal Practice and Procedure, Volume 2, Section 715, page 384.

■ Before the various steps were made by the parties here involved concerning the taking of depositions, a similar action concerning the same issues had already been prepared and submitted for decision in federal court. The uncontradicted facts show that a decision on the merits was imminent in that action which might be determinative of this action. This was sufficient justification for sustaining the motions of appellants. Especially is this true since no showing was made that appellees would or could have been prejudiced by granting the motions. The overruling of the motions under the facts of this case constitutes a denial of the safeguard against the improper use of the discovery procedure and an abuse of discretion by the trial court.

■ The motion to strike pleadings and for entry of default judgment is a proper procedure to inflict the penalty under CR 37.05 for the willful failure of a party to appear. If the trial court had been correct in its rulings under CR 30.02, the action of striking appellants' pleadings and entering a default judgment would have been proper. As another solution to the problem, the trial court, in its discretion, could have denied the motion under CR 37.05 on condition that the parties appear for the taking of their depositions. Barron and Holtzoff, Federal Practice and Procedure, Volume 2, Section 855, page 563. Since the trial court was in error in refusing to postpone the proceedings until the federal court decision was rendered, it was also in error in inflicting the penalty for failure to appear. The striking of the pleadings and entry of default judgment against appellants were an abuse of discretion on the part of the trial court.

The judgment contained no findings or conclusions as to whether appellants had been guilty of contempt. The action taken and the judgment rendered were expressly done under CR 37.05. We are not confronted with the question of the right to strike pleadings and enter a default judgment as a punishment for contempt. As is noted in Moore's Federal Practice, Volume 4, Section 37.03, page 2805, " * * * a distinction must be made between the justifiable use of orders of this sort as a means of compelling the production of evidence, and their unjustifiable use for the mere purpose of punishing for contempt." See Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; Hammond Packing Co. v. State of Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed 530.

The merits of this action, as well as the federal court case, involve two questions: (1) the correctness of the General Executive Board disciplinary decision; and (2) the right of the aggrieved parties to seek relief in court before exhausting their remedies under the union constitution. Both questions were decided adversely to the appellees in federal court. Lyons v. Sanders (3 cases), D.C., 130 F.Supp. 253. On appeal, only the first point was argued, and it was again decided adversely to appellees. Lyons v. Sanders (3 cases), 6 Cir., 235 F.2d 271. The bases for those decisions are fully discussed therein.

■ Without deciding whether such decisions are binding upon this court, by comity or under the doctrine of res adjudicata, they are acceptable and are to be respected as authority for the propositions therein decided. Inasmuch as the parties and issues there are the same as here, the decisions are more persuasive and are entitled to be given greater weight than ordinarily given.

The motion of appellants to dismiss appellees' complaint for failure to state a claim against them has never been passed upon by the trial court. It would appear that this action may have established some sort of

record for extent and duration of litigation before deciding the vital question of whether a cause of action has been stated. All litigation should be brought to an end at some time. While the motion to dismiss is not before us at this time, in the absence of a trial court ruling, we are compelled to say that the decisions in Lyons v. Sanders, and companion cases, in the federal courts are controlling. Any other conclusion would create undesirable confusion and uncertainty which are unwanted particularly in a judicial system.

Judgment reversed for proceedings in conformity herewith.