**Homer GEVEDON, Suing by His Next Friend and Father, H. B. Gevedon, Appellant,**

**v.**

**John B. GRIGSBY et al., Appellees.**

**H. B. GEVEDON, Appellant,**

**v.**

**John B. GRIGSBY et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1957.

J. A. Edge, Lena M. Craig, Lexington, for appellants.

Robert F. Houlihan, Lexington, for appellees.

MILLIKEN, Chief Justice.

This appeal arises out of two suits for damages filed in the Fayette Circuit Court on October 10, 1951, as a result of an automobile accident which had previously occurred in Fayette County. One suit was filed by Homer Gevedon by his father as next friend and was an action for personal injuries to the boy. The other action was filed by H. B. Gevedon for damages to the said H. B. Gevedon's automobile. The two cases were consolidated by an order of the court later in the proceeding.

The appellees, John B. Grigsby and Herbert Napier, were nonresidents of the State of Kentucky, and were residents of the City of Indianapolis, Indiana. Grigsby's automobile was alleged to have been involved in the accident at a time when it was being driven by his agent, Napier. Grigsby and Napier were brought before the court by service upon the Secretary of State. They filed no defensive pleading and default judgments were entered in each case on December 22, 1955. A jury set the damages in the case of Homer Gevedon at $10,200 and damages were set in the case for damage to the automobile in an amount of approximately $225. Judgments were entered accordingly against Grigsby and Napier.

After entry of the aforesaid judgments, the appellants then filed an amended and supplemental complaint in each case alleging that Vernon Casualty Insurance Company, an Indiana corporation authorized to do business in the State of Kentucky, was indebted to appellee John B. Grigsby in the sum of $10,000, and asking that Vernon Casualty Insurance Company be required to disclose its indebtedness to Grigsby and that as much of any such indebtedness as might be necessary be subjected to the payment of the said judgment.

Vernon *Casualty* Insurance Company filed an answer in each of the cases stating,. in substance, that John B. Grigsby was insured with Vernon *General* Insurance Company, a corporation entirely distinct and separate from the appellee Vernon Casualty Insurance Company, and that Vernon General Insurance Company was not at the time the answer was filed, or at any time previously, doing business within the State of Kentucky. On the same date, the appellee Vernon Casualty Insurance Company moved the court for a summary judgment, and the court granted it time to file affidavits in support of its motion for summary judgment.

Affidavits were then filed by Vernon *Casualty* in support of its motion for summary judgment that it had issued no policies to Grigsby and Napier, but that Vernon *General* Insurance Company of Indianapolis had issued a policy to Grigsby in Indiana in 1950; that Vernon Casualty and Vernon General were separate corporations, and that Vernon General was not licensed to do business in Kentucky and hence was not before the court. After the filing of the affidavits and later admissions by Vernon Casualty to the same effect after a request for admissions, an attempt was made to take the testimony of Harold H. Bredell, who is secretary-treasurer of both Vernon Companies, by requiring him to come from Indianapolis, Indiana, to Lexington, Kentucky, for that purpose.

 While the trial court had jurisdiction over Vernon Casualty, it had no jurisdiction over Vernon General, which had issued the policy to Grigsby, and it was information about the issued policy which the appellants (plaintiffs) wanted. The trial court has a wide discretion in protecting persons from abuses of discovery procedures under the Civil Rules (CR 30.02), and we think the trial court exercised a sound discretion in refusing to attempt to require Mr. Bredell's appearance in Lexington. The appellants could get the information they wanted by interrogatories or by requests for admission. The trial court then granted summary judgment to Vernon Casualty to the effect that the appellants (plaintiffs) had no cause of

action against it because it had issued no policy to either Grigsby or Napier.

▮ In commenting on the propriety of the summary judgment, it may be well to point out that the only conflict of fact was the conflict between the unverified statement of the appellants in the amended complaint that Vernon Casualty was indebted to the appellants and the affidavits of competent persons, on the other hand, that it was Vernon General and not Vernon Casualty which had issued a policy to Grigsby, one of the appellees. These affidavits were never countered and they clearly pierce the pleadings which is one of the prime purposes of summary judgment procedure. As stated in Moore's Federal Practice, 2d Ed., Vol. 6, p. 2068:

"Rule 56(c) states clearly that a summary judgment shall be rendered if the pleadings and affidavits (together with other extranenous materials, if any) show that (except as to the amount of damages) there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. To what extent may affidavits in support of a motion for summary judgment be utilized to overcome an allegation in the complaint, answer, or other pleading? In answering this let us first take up the case where the pleading(s) is unverified. There are some holdings, but mostly judicial statements, to the effect that an averment of fact in a pleading cannot be overcome by an affidavit and hence in such a case a motion for summary judgment must be denied. This doctrine overlooks the fact that one of the prime purposes of summary judgment procedure is to pierce the pleadings; and the doctrine, if applied, would largely nullify the summary judgment procedure. The true rule is opposed to the foregoing doctrine. Summary judgment should be rendered, even though an issue may be raised for-

mally by the pleadings, where the supporting affidavits and the opposing affidavits, if any, show that there is no genuine issue of material fact."

See, also, Payne v. B–Line Cab Company, Ky., 282 S.W.2d 342, and Commonwealth of Kentucky v. Interstate Grocery Company, Ky., 283 S.W.2d 708.

We conclude therefore that the trial court properly granted summary judgment to the appellee Vernon Casualty Company, and the judgment is affirmed.