**Dewey ENGLAND, Appellant,**

v.

**General COFFEY, d/b/a Coffey Motor Company, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1961.

William S. Tribell, Middlesboro, for appellant.

Thomas Z. Board, Middlesboro, for appellee.

MOREMEN, Judge.

Appellant, Dewey England, filed a complaint in the Bell Circuit Court which was dismissed by the court on the ground that the averred cause of action should have been presented as a compulsory counterclaim (under CR 13.01) in a previous suit by appellee, Coffey Motor Company, against appellant.

Appellant purchased from the Coffey Motor Company a truck for the sum of $11,828.55. The regular down payment on such a purchase would be $4,342.55. Appellant did not have that much cash and an agreement was worked out between him and the dealer whereby appellant made a down payment of $600 and executed a note for the balance of the down payment. Appellant defaulted in the payment of the note and appellee filed an action in the Bell Circuit Court to enforce the collection of it and in addition sued for a small amount of

money due for services and repairs on the same truck. Appellant did not defend the action and a judgment by default was entered. Thereafter appellant filed this suit alleging breach of warranty in the sale of the truck and sought to recover damages therefor. Upon motion of appellee the court dismissed the action, as stated above, on the ground that the claim should have been presented as a compulsory counterclaim in the previous action.

CR 13.01 reads:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action, and except that any counterclaim against the Commonwealth of Kentucky or any agency or political subdivision thereof may be stated at the pleader's option."

The foregoing rule created a new procedural method. Formerly, one could refrain from pleading a matter as a counterclaim and thereafter make it the basis of an independent suit. Conley v. Marshall, 304 Ky. 745, 202 S.W.2d 382. Although it has long been a general policy of the law that a multiplicity of suits should be avoided—our rule of optional counterclaim was an exception and a defect. CR 13.01 has corrected it. As pointed out in Clay, CR 13.01, author's comment 2:

"In effect the Rule *requires* a party to file counterclaims formerly *permitted* by CC 95(3) and 96(1). * * *

"The counterclaim must be asserted only if it arises out of the transaction or occurrence that is the subject matter or foundation of the opposing party's claim. If it is not presented by pleading the matter will be *res judicata,* and it would not support an independent action." Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C.Cal., 42 F.Supp. 340.

So, if this suit for damages resulting from breach of warranty should have been filed as a counterclaim in the original suit by appellee to collect the note, then appellant's claim is now barred under the doctrine of res judicata.

We are not concerned with any of the exceptions contained in CR 13.01. We need only determine whether appellant's claim arose "out of the transaction or occurrence" that was the subject matter of the first suit.

In Hurst v. Combs, 17 Ky.Law Rep. 84, 30 S.W. 416, in an action on a note it was held that a counterclaim alleging plaintiff's failure to deliver the goods for which the note was given and the damages resulting to defendants therefrom properly set forth a counterclaim because it arose out of the same transaction. That case was decided under the old Code but the question involved was whether the counterclaim arose out of the same transaction.

Our section CR 13.01 is similar to F.R. Civ.P. 13(a), 28 U.S.C.A., and under that Rule it was held in Lesnick v. Public Industrials Corporation, 2 Cir., 144 F.2d 968, in an action on a note given by defendant that a counterclaim for conspiracy to defraud against plaintiff and other persons was a compulsory one. In Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C., 42 F. Supp. 340, it was held that in an action by a railroad to recover freight a counterclaim for damages caused by negligent transportation was a compulsory one.

We believe it is obvious in the instant case that the claim for a breach of war-

 

ranty arose out of the same transaction in which the note was given and therefore should have been asserted as a counterclaim in the original action.

Judgment affirmed.