George A. HOFFMAN et al., Appellants,

v.

DOW CHEMICAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 31, 1967.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellants.

Ridley Sandidge, Sandidge, Holbrook, Craig & Hager, Owensboro, Sam Jarvis, Jarvis, Cornette, Payton & Paxton, Greenville, George S. Wilson III, Wilson & Wilson, Owensboro, for appellees.

WADDILL, Commissioner.

This action was instituted by the appellants, joint owners of an oil and gas lease in McLean County, to recover damages to their leasehold allegedly resulting from a hydrafracking operation performed by appellee Dow Chemical Company on the adjoining leasehold of appellee Fred Rowe. Upon notice by Rowe under CR 26 et seq. the nonresident appellants were directed to appear for the taking of their depositions. Their motion for a protective order (CR 30.02) to relieve them of the need to appear was denied. Four of the seven nonresidents did not appear and on appellees' motion the trial court struck the pleadings of these four nonresidents and dismissed their claims. CR 37.05. The trial court then dismissed the action as to the remaining appellants (residents and nonresidents) on the ground the previously dismissed nonresidents were indispensable parties.

The dispositive question presented on this appeal is whether the trial court abused its discretion in refusing to issue a protective order for the nonresidents.

Our Civil Rules, like the Federal Rules, give the trial court broad power to control the use of the discovery process and to prevent its abuse. Armstrong v. Biggs, Ky., 302 S.W.2d 565.

In 2A Barron and Holtzoff Federal Practice and Procedure, Rule 30, page 212, it is stated:

"As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit. Since he has selected the forum, he will not be heard to complain about having to appear there for a deposition. * * *."

The nonresidents had the burden of convincing the trial court that their depositions should not be taken. 4 Moore, Federal Practice, Section 30.06 (2nd Ed., 1948).

Each of the nonresident appellants owns either one or two/thirty-seconds interest in this lease. The resident operator of the lease, appellant George Hoffman, owns fifteen/thirty-seconds and appellant Marhill Oil and Gas Company, a Kentucky Corporation, owns the remaining six/thirty-seconds. The nonresidents' motion for a protective order avers that all conceivably pertinent information which they might have is available from Hoffman; that they had never physically been on the leasehold, and that the appellees had not attempted to get this information from Hoffman. This motion was supported by two affidavits.

In response to this motion the appellees stated no reason for denying a protective order but merely concluded that it was "imperative" they orally examine the non-

residents. Appellees assert that they were entitled to learn the price paid for the fractional shares and the information which a well operator normally sends the owners of a lease so as to check Hoffman's subsequent examination. Obviously the price paid for an interest in a lease has little bearing on the damage done to operating oil wells by hydrafracking. Hence, appellees were not entitled to information of this character. Nor was the allegation timely made that lease holders "normally" receive reports sufficient to justify denying the protective order since Hoffman's deposition was not taken and it had not been established that he had made reports about the operation of the wells to the joint owners. Moreover, if such information were available it could have been obtained by other means, such as by interrogatories. Gevedon v. Grigsby, Ky., 303 S.W.2d 282.

We believe that under the circumstances presented the refusal to grant the protective order (CR 30.02) constituted a denial of the safeguard against the improper use of discovery procedure and an abuse of discretion. Mullenax v. Lighthouse Realty Corporation, Ky., 402 S.W.2d 437; Armstrong v. Biggs, Ky., 302 S.W.2d 565.

Furthermore, when the depositions of the three nonresidents who did appear are read it becomes apparent that appellees did not expect to obtain any relevant information from the nonresidents. Therefore it was error for the trial judge to dismiss this action as to the four nonresidents for their failure to appear. The resulting dismissal of the remaining appellants was likewise error.

Appellants contend the trial court erred in ruling on motions to produce the chemical formula of substances used by Dow in its hydrafracking, to produce a laboratory analysis of a sample of well water and to strike twelve separate questions propounded under CR 33. Since we are reversing the judgment for further proceedings, these rulings are not final (KRS 21.060; CR 54.01) and, therefore, not reviewable. The correctness of these rulings is specifically reserved.

The judgment is reversed with directions to set it aside and for further proceedings in conformity with this opinion.

All concur.