**Walter F. ECKER, Appellant,**

v.

**Lawrence Conrad CLARK and Michael C. Clark, Appellees.**

Court of Appeals of Kentucky.

March 22, 1968.

Rehearing Denied June 28, 1968.

William A. Miller, Martin J. Duffy, Jr., Louisville, for appellant.

Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

DAVID C. BRODIE, Special Commissioner.

Joseph Sansbury filed Action No. CR89324 in the Jefferson Circuit Court. In that action Walter F. Ecker was a defendant and Lawrence Conrad Clark and Michael C. Clark were also defendants. Lawrence Conrad Clark and Michael C. Clark cross-claimed against Ecker under CR 13.07 for indemnity or contribution. Ecker moved the court to strike the cross-claims. The court refused to rule on the motion to strike and remanded the same. Subsequently Ecker filed an amended answer and cross-claim for indemnity or contribution against the Clarks on the claim of Sansbury against him.

The subsequent suit which is the subject of this appeal, Action No. CR97687, was filed by Ecker against the City of Louisville and the Clarks seeking to recover damages for personal injury and property damage arising out of the transaction or occurrence that was the subject matter of Action No. CR89324.

Before any answer was due in Action No. CR97687, Action No. CR89324 proceeded to trial which resulted in a verdict for Sansbury against Ecker in one amount and against the Clarks in a different amount.

It will be noted that in his cross-claim against the Clarks in No. CR89324 Ecker failed to include his own claim for personal injuries and property damage. After the trial and judgment in No. CR89324, the Clarks pleaded that judgment as res adjudicata of the issues as between Ecker and the Clarks. The trial court sustained this plea, and dismissed Ecker's complaint in Action No. CR97687. Ecker appeals from that adjudication.

■ Under CR 13.01 the rule, with minor qualifications, is that any claim which a party has against an "opposing party," arising out of the transaction or occurrence which is the subject matter of the opposing party's claim, must be asserted as a counterclaim. The question in the instant case simply is whether a defendant who has asserted against a codefendant a cross-claim for contribution or indemnity is an "opposing party" to the codefendant.

In Clay, CR 13.01, Comment 2, it is stated that "if the defendant cross-claims against a co-party under Rule 13.07 * * * the opposing parties are required to plead their counterclaims under the prescribed conditions." While this statement makes no specific mention of cross-claims for contribution or indemnity it does not purport to exclude such cross-claims. Similarly, in Clay, CR 13.07, Comment 2, the statement is made that if A sues B and C in an automobile negligence action, and if B cross-claims against C, B becomes an "opposing party" as to C and the latter will be required to assert whatever compulsory counterclaim he had against B. Again, no exclusion is suggested as to cross-claims for contribution or indemnity only.

■ We think that the intent of the Civil Rules to treat a party who asserts a cross-claim for contribution or indemnity as an "opposing party" against whom compulsory counterclaims must be asserted is made clear by CR 14.01, relating to third-party practice. Under that rule the normal claim asserted against a third-party defendant is a claim for indemnity or contribution, because the opening sentence of the rule authorizes the bringing in of a third party who is or may be liable to the defendant for all or part of the plaintiff's claim. The rule specifically provides that the third-party defendant shall make his counterclaims against the third-party plaintiff as provided in Rule 13. In an interpretation of the comparable. Federal rule, it has been held that in an action arising out of an automobile accident a third-party defendant against whom a claim for contribution has been asserted must plead as a compulsory counterclaim any claim he has for damages against the third-party plaintiff arising out of the accident. Moore v. Deal, D.C., 203 F.Supp. 66.

There would be no discernible reason for requiring a third-party defendant to plead a counterclaim against a third-party plaintiff who has cross-claimed for indemnity or contribution, but not to make the same requirement of an original defendant against whom a codefendant has asserted such a cross-claim.

Hager v. Arndt, Ky., 240 S.W.2d 532 (1951), which reached a contrary result, was in effect overruled by the adoption of the Civil Rules.

■ It is our conclusion that by failure to assert the claim for damages against the Clarks as a counterclaim in Action No. CR89324 Ecker's claim became barred as res adjudicata. See England v. Coffey, Ky., 350 S.W.2d 163.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY and PALMORE, JJ., concur.

STEINFELD, J., not sitting.