*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0187P (6th Cir.)
File Name: 00a0187p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BLUEGRASS HOSIERY, INC.,
  *Plaintiff-Appellant,*

   *v.*     No. 99-5936

SPEIZMAN INDUSTRIES, INC.,
  *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 99-00080—Jennifer B. Coffman, District Judge.

Submitted: April 25, 2000

Decided and Filed: June 1, 2000

Before: MARTIN, Chief Judge; KRUPANSKY and
RYAN, Circuit Judges.

---

### COUNSEL

**ON BRIEF:** Martha Farmer Copeland, Todd K. Childers, Brien G. Freeman, FREEMAN, COPELAND & JORJANI, Corbin, Kentucky, for Appellant. Joe B. Campbell, Bowling Green, Kentucky, for Appellee.

—————————————

**OPINION**

—————————————

BOYCE F. MARTIN, JR., Chief Judge. Bluegrass Hosiery, Inc. appeals the district court's order dismissing its case against Speizman Industries, Inc. on the basis that Bluegrass waived its right to assert its claims in this action by failing to assert these same claims as compulsory counterclaims in a previous state court action in North Carolina. Bluegrass contends that the district court should not have granted Speizman's motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) because the claims in this action were not compulsory counterclaims in the North Carolina action, and even if they were, the failure to assert them would not bar this action under Kentucky law. We reverse and remand the district court's decision.

I.

This action stems from a 1995 agreement entered into between Bluegrass Hosiery, Inc., a Kentucky corporation, and Speizman Industries, Inc., a North Carolina corporation, for Speizman to provide knitting machines, training, parts, electronics, and services to Bluegrass in Cumberland, Kentucky. The total purchase price of the contract was $780,000.

In July 1998, a dispute arose between Bluegrass and Speizman regarding the latter's obligations with respect to the knitting machines, in particular, training and warranty. Bluegrass asserts that during a meeting between its president, Glenn Freeman, and Speizman representatives, it informed Speizman that it had solid grounds to sue Speizman based on violations of the 1995 agreement, which resulted in the collapse of the business. On August 21, Speizman sued Bluegrass in North Carolina state court for breach of contract based on Bluegrass's obligations to pay under the 1995

provides for a default judgment against a party for failure to plead, and the effect of such a judgment as *res judicata* prevents the nonpleading party from profiting as the result of his noncompliance. *Id*. Here, Speizman never moved for a default judgment pursuant to Rule 55 when the deadline for Bluegrass to serve its answer had expired. Instead, Speizman settled the case before Bluegrass could serve its answer. Therefore, Bluegrass's failure to serve a pleading and assert compulsory counterclaims in the previous state court action did not waive its right to assert these same claims in a later action.

Judgment REVERSED and REMANDED.

agreement. Speizman's complaint claimed that Bluegrass owed $11,842.45.

On September 18, Bluegrass filed a motion to dismiss the North Carolina lawsuit, alleging lack of jurisdiction and improper venue. Bluegrass's motion was denied on October 21, and the court allowed the company ten days to file responsive pleadings. On October 30, prior to the deadline for Bluegrass to file its responsive pleadings, Bluegrass agreed to settle the suit and sent Speizman a check signed by Freeman in the amount of $11,842.45. Bluegrass did not appeal the October 21 order nor did it file any responsive pleadings. Following the settlement, Speizman filed a "Notice of Voluntary Dismissal" pursuant to North Carolina Civil Rule 41(a). The matter was dismissed with prejudice on January 14, 1999.

On January 28, 1999, Bluegrass filed this suit against Speizman in Harlan Circuit Court alleging breach of contract, breach of implied covenant of good faith and fair dealing, breach of warranty, intentional and negligent misrepresentation, interference with existing and prospective contractual relations, and violation of Kentucky's Consumer Protection Act in the inducement and performance of the 1995 agreement. The case was removed to the United States District Court for the Eastern District of Kentucky.

On February 26 and March 1, Speizman filed motions to dismiss Bluegrass's complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Speizman argued in its motions that (1) Bluegrass's claims in this action were compulsory counterclaims that should have been asserted in the previous North Carolina action, and (2) these claims were settled as part of the North Carolina action. The district court granted Speizman's motions to dismiss. The district court held that in order for Bluegrass to preserve its counterclaims, it was required to file a responsive pleading raising the counterclaims in the previous action; or Bluegrass could have stated in the settlement discussions that it was not waiving its

rights to pursue its counterclaims. The district court noted that the North Carolina court did not dismiss the matter until January 14, 1999, months after Bluegrass could have raised its claims in the North Carolina action, but chose not to do so.

## II.

This Court reviews dismissal of a case on claim or issue preclusion grounds *de novo*. *See Kane v. Magna Mixer Company*, 71 F.3d 555 (6th Cir. 1995).

## III.

According to the Supreme Court, claims coming within the definition of "compulsory counterclaim" are lost if not raised at the proper time. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974). Bluegrass contends that the district court should not have granted Speizman's motions to dismiss because the claims in this action were not compulsory counterclaims in the previous state court action, and even if they were, the failure to assert them would not bar this action under Kentucky law. We agree with Bluegrass that the claims in this action were not compulsory counterclaims and the failure to assert these claims did not preclude Bluegrass from bringing the same claims in this action.

FED. R. CIV. P. 13(a) expressly states that "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . ." This rule serves the desirable goal of bringing all claims arising out of the same transaction or occurrence before the court in a single action. *See United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1995). At the same time, the rule is in some ways harsh because it forces parties to raise certain claims at the time and place chosen by their opponents, or to lose them.

Rule 13(a), however, only requires a compulsory counterclaim if the party who desires to assert a claim has

served a pleading. *See id.* In other words, Rule 13(a) does not apply unless there has been some form of pleading. *See Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1082 (7th Cir. 1979). The rule requires the adverse party to state its counterclaims "at the time of serving a pleading." *Snider*, at 1157. Where the rules do not require a pleading because of pending motions, the compulsory counterclaim requirement of Rule 13(a) is inapplicable. *See id.*

Even though the claims at issue in this case arose out of the same transaction, these claims were not compulsory counterclaims because they were not claims that Bluegrass "had" at the time it was required to file its responsive pleading. *See Kane*, at 562. In other words, Bluegrass was not required to assert its claims in the prior state court proceeding because no pleading, as the word is defined in FED. R. CIV. P. 7(a)[1], was ever filed. After Bluegrass's 12(b)(6) motion to dismiss was denied, the state court gave the company ten days to file a responsive pleading. Rule 13(a) requires Bluegrass to state its counterclaims "at the time of serving a pleading." *See Snider*, at 1157. Instead of filing a responsive pleading, Bluegrass and Speizman agreed to settle the dispute for the sum of $11,842.45 before Bluegrass's answer was due. As the Seventh Circuit noted, Rule 13(a) does not apply unless there has been some form of pleading served. *Martino*, at 1082. Here, there was no pleading served. Thus, we see little sense in applying the broad bar established in Rule 13(a) to an action that ended with virtually no burden on the judicial calendar. *See Martino*, at 1082.

Speizman, though, contends that the deadline for filing the answer in the earlier action had passed, and that Rule 13(a) should therefore apply regardless of the absence of a responsive pleading. We disagree. FED. R. CIV. P. 55

---

[1] Rule 7(a) defines the following as pleadings: an answer, a reply to a counterclaim, an answer to a crossclaim, a third party complaint, and a third party answer.