**Joe H. SESCO, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**Civil Action No. 00–55.**

United States District Court,
E.D. Kentucky.

June 8, 2001.

Randy G. Clark, Clark & Johnson, Pikeville, KY, for Plaintiff.

Donald H. Combs, Combs & Combs, P.S.C., Pikeville, KY, James E. Cleveland, III, Huddleston, Bolen, Beatty, Porter & Copen, Ashland, KY, for Defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The defendant has filed a motion for summary judgment [Record No. 28] to which the plaintiff has responded [Record No. 33]. Defendant has filed a reply [Record No. 34] and this matter is ripe for review.

### Factual Background

This matter essentially concerns a boundary dispute. The plaintiff contends that the land in question is valued at $31,800. The defendant, on the other hand, notes that the land in question contains railroad tracks. In fact, six trains a day pass over the disputed property. These tracks are used by the defendant on a regular basis and the cost of rerouting the trains that utilize these tracks would cost the defendants in excess of $75,000.

The property at issue has a long history of litigation. In 1975, Joe Sesco and his parents, Wallace and Hattie, were sued by the defendant company. The suit was filed because Joe Sesco had entered upon property that the defendant purchased from the Sesco family. Joe Sesco's destructive actions upon said property necessitated the entry of a restraining order against him.

The second case was filed by the defendant company in 1977. This action in condemnation sought to extinguish certain rights and privileges reserved to the Sescos in the deed conveying the property to the defendant company. The condemnation issue went to trial and the jury awarded Joe and Hattie Sesco $62,500.00. There is no dispute that said verdict has been fully paid by the defendant. Joe Sesco appeared during this litigation, filed an answer, and asserted a counterclaim that mirrors the very issues at bar today. Just prior to trial, Joe Sesco voluntarily withdrew his counterclaim.

The plaintiff's prior counterclaim, and the claim asserted in the case at bar, assert that the deed selling the land in question to the defendant did not fully convey all of the land owned by the Sescos. Essentially, the plaintiff argues that the railroad is using land that has not been conveyed to it by deed.

### Standard of Review

In determining whether to grant a motion for summary judgment, the Court must view the facts presented in a light most favorable to the non-moving party. *See Kocsis v. Multi–Care Management, Inc.,* 97 F.3d 876, 882 (6th Cir.1996). If the Court finds that there is no genuine issue of material fact, summary judgment may be granted. *See Street v. J.C. Bradford,* 886 F.2d 1472, 1479 (6th Cir.1989). The Sixth Circuit has held that "a party may move for summary judgment assert-

ing that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street,* 886 F.2d at 1478.

## Discussion

The Kentucky Rules of Civil Procedure 13.01 governed the previously filed cases' compulsive counterclaims. It states that

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. The pleader need not state the claim if (a) at the time the action was commenced the claim was the subject of another pending action, or (b) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under Rule 13. Any counterclaim against the Commonwealth, or any agency or political subdivision thereof, may be stated at the pleader's option."

Ky.R.Civ.P. 13.01. This rule is substantially similar to the Federal Rule of Civil Procedure 13(a), and all "claims coming within the definition of 'compulsory counterclaim' are lost if not raised at the proper time." *Bluegrass Hosiery, Inc. v. Speizman Industries, Inc.,* 214 F.3d 770, 772 (6th Cir.2000) quoting *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974).

This rule of procedure "serves the desirable goal of bringing all claims arising out of the same transaction or occurrence before the court in a single action." *Id.* citing *United States v. Snider,* 779 F.2d 1151, 1157 (6th Cir.1985). This "harsh" rule applies whenever the defending party has filed "some form of pleading." *Id.*

The Kentucky Court of Appeals reviewed the issue of compulsory counterclaims in *England v. Coffey,* 350 S.W.2d 163, 164 (Ky.1961). That opinion cited *Pennsylvania R. Co. v. Musante–Phillips, Inc.,* 42 F.Supp. 340, which held that in an action by a railroad to recover freight, the opposing party's counterclaim for damages related to negligent transportation was compulsory. The issues in this case are even more closely related than the issues in *Musante–Phillips* as the suit was commenced to establish and amend the rights and obligations of the parties to the deed. As plaintiff's claim asserts that the deed did not convey all of the land utilized by the railroad, said claim should have been presented to the state court as it reviewed the scope of the deed in question.

In the case at bar, the issues relating to the appropriate land covered by the deed in question "arises out of the transaction or occurrence" that prompted the suit's initial filing. Ky.R.Civ.P. 13 .01. Therefore, the question presented to the Court encompasses an issue that should have been litigated in the suit filed in 1977. As this compulsory counterclaim was not presented to the jury in the previous case, the plaintiff is precluded from litigating the issue in this forum.

Accordingly;

**IT IS ORDERED**

(1) that the defendant's motion for summary judgment be, and the same hereby is, **GRANTED;**

(2) That this case be, and the same hereby is, **DISMISSED FROM THE ACTIVE DOCKET.**