## Ashland Auto Sales Company, et al. v. Stock.

(Decided January 18, 1927.)

### Appeal from Boyd Circuit Court.

1. Landlord and Tenant—Whether Tenant Holding Over Acted in
   Good Faith and on Reasonable Grounds in Belief of His Right to
   Retain Possession Held for Jury (Ky. Stats., Sections 2292, 2293).—
   In action under Ky. Stats., sections 2292, 2293, for damgaes for un-
   lawful holding over, where belief in right to hold over is claimed
   as defense, jury must determine whether tenant's belief was in
   good faith and based on reasonable grounds.
2. Landlord and Tenant—Advice of Counsel is no Defense to Action
   for Unlawful Holding Over, but is Admissible Merely on Issue of
   Good Faith (Ky. Stats., Sections 2292, 2293).—In action for dam-
   ages, under Ky. Stats., sections 2292, 2293, for unlawful holding
   over, advice of counsel is not an absolute defense, but is merely
   admissible as bearing on good faith.
3. Landlord and Tenant—Where Issues in Action for Unlawful Hold-
   ing Over Limited Defense of Good Faith to Belief Formed Under
   Contract and Advice of Counsel, Instruction to Such Effect Held
   Not Prejudicial (Ky. Stats., Sections 2292, 2293).—In action, under
   Ky. Stats., sections 2292, 2293, for damages for unlawful holding
   over, instruction held not erroneous in limiting defense of good
   faith belief in right to hold over to belief under terms of contract,
   where pleading and evidence made issue this way.
4. Trial—Court Properly Refused Instruction Covered by Other In-
   structions.—Instruction fully covered by other instructions was
   properly refused.
5. Landlord and Tenant—In action for Unlawful Holding Over, In-
   struction Authorizing Jury to Fix Beginning of Term Contrary to
   Contract and Pleadings was Properly Refused (Ky. Stats., Sections
   2292, 2293).—In action for damages under Ky. Stats., sections 2292,
   2293, for unlawful holding over, where contract and pleadings fixed
   beginning of term at June 1st, instruction authorizing jury to fix
   beginning of term at July 1st was properly refused.
6. Trial—Instruction, in Action for Unlawful Holding Over, Held
   Properly Refused Because of no Evidence that Landlord Agreed
   to Extend Lease (Ky. Stats., Sections 2292, 2293).—In action for

damages, under Ky. Stats., sections 2292, 2293, for unlawful holding over, instruction was properly refused, because there was no evidence that landlord agreed by words, acts, or both, to extend lease.

7. Trover and Conversion—Evidence of Conversion Properly Submitted to jury issue of conversion of chain block taken by defendant, converted to its own use, and never returned.

8. Landlord and Tenant—Interest on Judgment for Double Rent for Unlawful Holding Over Held Allowable Only from Entry of Judgment (Ky. Stats., Sections 2292, 2293).—Interest on judgment for double rent, under Ky. Stats., sections 2292, 2293, from tenant unlawfully holding over, held allowable only from date of judgment, in view of penalty feature.

JOHN T. DIEDERICH for appellants.

S. S. WILLIS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellee, Max H. Stock, formerly owned a garage building in Ashland, Boyd county, Kentucky. By writing dated May 26, 1922, he leased the building to appellant, Ashland Auto Sales Company, incorporated, for a term of one year beginning June 1, 1922, the latter agreeing to pay him as rental therefor the sum of $200.00 per month from June 1, 1922, to January 1, 1923, and the sum of $225.00 per month from January 1, 1923, to the end of the term. The lease granted to appellant the option to extend it for an additional year and for yet another additional year at the rental of $225.00 per month "provided and conditioned that the said second party, Ashland Auto Sales Company, shall give to said first party ten days' written notice of the exercise of the option or options herein given to extend said lease." Appellant did not give appellee ten days' written notice of its intention to extend the lease. On the day the lease expired appellee in writing notified appellant that possession of the premises was demanded and that it would be held responsible for double rent until possession should be surrendered, and that unless possession should be delivered immediately proceedings for possession would be instituted. Appellant did not deliver possession of the leased premises, and on June 13, 1923, appellee instituted forcible detainer proceedings against it. The magistrate before whom that proceeding was had found appellant guilty of

forcible detainer. It executed a traverse bond and carried the proceedings to the circuit court. On August 12, 1923, the building was destroyed by fire, and thereupon appellant surrendered possession to appellee and the forcible detainer proceeding was discontinued. This action was then instituted by appellee to recover from appellant double rent for the time the building was held by it from June 1st to August 12, 1923, under the provisions of section 2292, Kentucky Statutes. By the answer appellant admitted that it was liable to appellee for rental of the building in question from June 1st until August 12, 1923, at the rate of $225.00 per month, but denied that is was liable for double rent under the statute, *supra*. It pleaded that it held over in the good faith belief that it had the right to do so under the contract and facts surrounding the parties, and in that connection that it exhibited the lease in question and related all the facts pertaining thereto to a competent, regular, practicing attorney and was advised by him that under the lease and the facts it had the right to retain possession of the leased premises for another year. On the issues thus made the case was tried by a jury which found in favor of appellee the full amount sued for, including double rent. Judgment was entered accordingly, and hence the appeal.

Section 2293, so far as pertinent, provides that:

"A tenant whose term expires at a time certain who shall refuse to deliver possession, . . . shall pay to the landlord double the rent he would have otherwise been bound to pay, to be computed from the time he should have surrendered possession, recoverable in same manner as original rent. If, by the contract, the term is to expire at a time certain or notice to quit is dispensed with, none need be given."

By the pleading herein the parties agree that under the contract the term of the lease began June 1, 1922, and was for one year beginning with that date. An effort was made by appellant by its evidence to so construe the contract as to establish that the term did not begin until some time later than that date. This effort grew out of rather ambiguous language contained in the contract with reference to when certain additions to the building should be completed and when the rate of the rental would be in-

creased from $200.00 to $225.00 per month. The only fair interpretation of the contract, however, is that placed upon it by the parties in the pleadings herein, which is that the building in question was leased to appellant for the term of one year beginning June 1, 1922, at a rental of $200.00 per month from June 1, 1922, to January 1, 1923, and at $225.00 per month thereafter until the end of the term.

The officers and agents of the corporation who had the management of its affairs testified that they in good faith believed they had the right to hold the building for another year under the contract, and that they submitted it and disclosed the facts with reference thereto fully to a competent, regular, practicing attorney and were advised by him that they had the right to do so. The attorney was not introduced as a witness herein. The testimony by appellant's officers that they disclosed fully all the facts to the attorney was merely their conclusive statement that they had so done. None of them testified what the facts were that they disclosed to the attorney. The only testimony found in the record offered by appellant as tending to establish waiver upon the part of appellee of the stipulation of the contract that the option to extend the lease could be exercised only by giving ten days' written notice, is the testimony of three witnesses for appellant as to what was said by appellee the day the lease expired when he collected the last month's rental. One of them testified: "He asked us! if we was going to stay longer and we told him we was, and that was about the substance of what was said." Another testified: "All I remember he came in there and he asked us if we were going to stay and we told him we was, and he says that is all I wanted to know about it." The third testified: "I remember Mr. Stock asking Simpson and Cogan what they were going to do about it, and they said they were going to stay and he replied that that was what he wanted to know, and I think he left then. That is all the conversation pertaining to the lease." The day these conversations occurred appellee served on appellants the written notice to vacate under penalty of paying double rent, and upon their refusal to do so instituted forcible detainer proceedings. No one for appellant claims to have complied with the stipulation of the lease that ten days' written notice of the election to extend it must be given.

Construing the section of the statutes, *supra,* in Aull v. Bowling Green Opera House Company, 130 Ky. 789, this court said:

> "As we construe this section, it means that if a tenant, knowingly and wrongfully, remains in the possession of property, not believing nor having any reason to believe that he has a right to remain in possession thereof, and refuses to deliver to his landlord possession of the property, then he may be adjudged to pay double rent."

The same construction has been placed upon it in Jones, etc. v. Taylor, etc., 136 Ky. 39, and Pullum v. Rhea, 198 Ky. 294. In Jones, etc. v. Taylor, etc., *supra,* it was said: "The question of whether his right to hold over was *bona fide* or mere pretense was for the jury." Wood's Landlord and Tenant, section 485; Woodfall's Landlord and Tenant, page 584. In that opinion it was further said:

> "The tenant can not relieve himself from the statutory penalty by the mere statement that he believed he had a right to hold the premises. He must furnish reasons sufficient to induce a jury or court hearing the case to believe that he in good faith, based upon reasonable grounds, believed he had a right to remain in possession. Whether a tenant acts in good faith is a question of fact, and it is admissible for him to show that he laid his case before a competent attorney and was advised that he had a contract right to remain in possession of the premises. But evidence as to the advice of counsel will not be competent, unless the client placed before him all the facts in his possession relating to case."

The trial hereof in the court below seems to have proceeded in full accord with the principles relative thereto announced in the three cases above cited. It will be observed that it has never been held that advice of counsel is a defense in an action under the statute in question. The question to be determined by the jury is whether or not the tenant in good faith and upon reasonable grounds believed he had a right to remain in possession. As shedding light upon his good faith, it is admissible for him to show that he laid his case before a com-

petent attorney and was advised that he had a right to hold the premises in possession; but that evidence is of no value unless all the facts relating to the transaction were disclosed by the tenant to the attorney.

Here we have a written contract of lease which gave appellant the right to possession of the leased premises from June 1, 1922, to May 31, 1923. The written lease provided that the lessee or tenant might extend its term for another year provided ten days' written notice of his intention so to do be given. No other means of acquiring the right to hold the leased premises after May 31, 1923, was provided by the lease. Appellant made no showing by the evidence that it acquired the right to remain after May 31, 1923, either under the terms of the lease by giving the ten days' written notice, or by anything said or done by appellee which could be held to be a waiver of the ten days' written notice provision of the lease, or by any contract or agreement entered into by the parties independent of the lease. Not only is that true, but on the day the lease expired appellee notified appellant in writing that its right to occupy the premises had terminated; that possession was demanded; and that unless possession was delivered it would be held to double rent. Upon its failure to deliver possession after that notice he seasonably took action to evict it by appropriate legal proceedings. Witnesses for appellant testifying that they were advised by counsel that it had the right to hold over under the lease do not testify that they disclosed that the ten days' written notice was not given.

Appellant complains of instruction No. 3 given in that their good faith belief of their right to hold over was limited to so believing ''under the terms of the contract.'' The instruction followed the language of the answer pleading good faith as a defense to the action for double rent. The testimony for appellant tending to establish that it held over in good faith was confined to their belief that they had such right under the contract, and their statement that the attorney so advised them. Hence that question was submitted as the issue was made by the pleading and evidence. That instruction was more favorable to it than the law relative to the question authorizes, in that the jury was not required to believe that its good faith and belief that it had the right to remain in possession were based upon reasonable grounds, and in that the

jury may have understood from it that advice of counsel was a defense. As was clearly pointed out in Jones v. Taylor, *supra,* advice of counsel is not a defense but is merely admissible in evidence as having a bearing upon the question of good faith.

Instruction A offered by appellant was properly refused because it submitted advice of counsel as a complete defense. Instruction B offered by appellant was properly refused because the instruction given fully covered that feature of the case. Instruction C offered by appellant was properly refused because the contract itself and the pleadings with reference thereto fixed the beginning of the lease contract at June 1, 1923, instead of July 1, 1923, as that instruction would have given the jury authority to conclude. Instruction D offered by appellant was properly refused because there was no evidence tending to establish that appellee, Stock, expressly or impliedly agreed either by words or acts or both to an extension of the lease.

Appellant complains that the question whether it converted to its own use a chain block, the property of appellee, for which recovery was sought by the latter was improperly submitted to the jury upon the theory that there was no evidence of the fact. Appellee testified that he owned the chain block; that it was in the building; that it was not destroyed but that appellant took it and converted it to its own use and had never returned it. No one for appellant denied those facts. It was shown that appellee's insurance policy covered the chain block and that he had been paid for the loss he suffered by the fire under the policy. However, he stated that he was paid nothing for the loss of the chain block and that it was not destroyed but was converted by appellant. Hence the contention of appellant is without merit.

On the cross-appeal, appellee insists that the court erroneously refused his motion to have the judgment include interest on the verdict returned from August 1, 1923, until paid instead of from the date of the entry of the judgment. In view of the fact that by the judgment appellee recovers double rent as a penalty, the court has concluded that interest should not begin to run until the date of the entry of the judgment, and that the trial court properly overruled the motion made by appellee.

Wherefore, the judgment will be affirmed on both the appeal and cross-appeal.