## Gaidry's Trustees et al. v. Cooke.

Dec. 18, 1945.

Stoll, Muir, Townsend, Park & Mohney for appellant.

William B. Gess and Scott Reed for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

Reinhardt-Gaidry Motors, Incorporated, verbally leased from John A. Judy and S. S. Yantis a building lo-

cated at 180 East High Street, in Lexington, for the term commencing September 15, 1939, and ending January 1, 1942. The agreement called for a monthly rental of $400 to be paid by the corporation to the owners of the property. In August or September, 1941, by agreement of the parties, the rental was reduced to $350 per month. The lease was fully performed by the parties in accordance with its terms. After the termination of the verbal lease, the corporation continued in possession of the premises until July 1, 1942, at which time it was dissolved and Mr. Gaidry took over the business in his individual name. Mr. Gaidry was recognized as the tenant by Messrs. Judy and Yantis, and he continued to operate the business and pay the rent until January 1, 1943, on which date he executed a declaration of trust, wherein he granted to Dorothy Ducos Gaidry one-third, Deon Gaidry one-sixth, and Douglas Wright Gaidry one-sixth, interest in the business. Thereafter, until this controversy arose, Mr. Gaidry, as the owner of one-third and as trustee of the other two-thirds of the business, continued to occupy the premises without disclosing the trusteeship. The business was conducted under the firm name of Gaidry Motor Company. On May 14, 1944, Messrs. Judy and Yantis sold and conveyed the property to appellee, L. R. Cooke, who, on June 12, 1944, notified the Gaidry Motor Company to vacate the property by July 15, 1944. Mr. Gaidry declined to follow this direction, and was notified by Mr. Cooke on July 12, 1944, to vacate by September 1, 1944. At the time Mr. Cooke purchased the property, he knew that it was being occupied by the Gaidry Motor Company; but was informed by Messrs. Judy and Yantis that the contract of lease was from month to month. Appellee contends that, in April or May, 1944, appellants entered into a new contract with Messrs. Judy and Yantis, whereby they remained in possession of the property under a month to month tenancy for an indefinite period. This was denied by appellants.

This action was brought September 15, 1944, by appellants against appellee for a declaration of the rights of the parties; appellee contending that he was entitled to the possession of the property September 1, 1944, pursuant to the notice given appellants July 12 of that year. This contention is based upon the further contention that appellants were occupying the premises un-

der a month to month lease. Appellants contend that until January 1, 1942, they occupied the premises under a year to year lease; and since, each succeeding year thereafter, they occupied the premises without objection on the part of the landlord for a period in excess of ninety days after January 1, they were entitled to occupy the premises upon the payment of the agreed rent until January 1 of the following year, under the provisions of KRS 383.160. A jury was impaneled to try certain issues of fact propounded to them upon interrogatories. Upon these findings, the Chancellor entered judgment declaring that appellants were in possession of the property as tenants from month to month, and that this tenancy was legally terminated on September 1, 1944, since which time appellants had forcibly and unlawfully detained the premises from appellee. An amended judgment directed appellants to peaceably deliver possession of the property to appellee. The appeal was then perfected to this Court.

The first question to be determined is whether, previous to the sale of the property to Mr. Cooke, a new contract of lease was entered into between appellants and Messrs. Judy and Yantis, by the terms of which appellants were to occupy the premises as month to month tenants for an indefinite period. If this question is answered in the affirmative, all other questions become moot, because the second contract of lease would supersede the first and control the rights of the parties. The evidence in respect to this issue was conflicting, and the jury decided that such a contract had been entered into. Appellants argue that there was no evidence of a new contract having been entered into; but we do not agree with this contention. Mr. Judy testified that the owners and the tenants were negotiating for several months between the fall of 1943 and spring of 1944. The appellants were endeavoring to obtain a written lease for five years, but Mr. Judy and Mr. Yantis were unwilling to lease the premises for any term in excess of a month; and that at the time Mr. Cooke purchased the property, appellants were occupying it under a verbal month to month lease. Mr. Judy explained the position that he and his partner were in in respect to the matter, viz., that they were negotiating for the sale of the property, and on that account were unwilling to burden it with a long-term lease.

We are not authorized to reject a finding of fact by a jury upon conflicting testimony. That being true, it is unnecessary for us to determine what the legal rights of the parties would have been under the original lease.

The judgment is affirmed.