## Cooke v. Gaidry et al.

March 15, 1949.

728

William B. Gess and Scott Reed for appellant.

Stoll, Townsend, Park, Mohney, Davis for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

This is an appeal from a judgment entered on appellant's petition for further relief entered subsequent to the filing of the mandate in Gaidry's Trustees et al. v. Cooke, 301 Ky. 216, 191 S.W.2d 390. The action originally was filed by appellees under Secs. 639a—1 to 12, inclusive, of the Civil Code of Practice, for a declaration of rights of the parties under a contract of lease. No specific relief was requested by either. of the parties until after the mandate was filed following this Court's decision on the first appeal. Under the provisions of KRS 383.150, the petition upon which the judgment herein appealed from was entered prayed damages for double the amount of rent called for by the contract, by reason of appellees' failure to deliver possession of the property on the first

day of September, 1944. Appellees answered pleading that their retention of the property from September 1, 1944, to January 1, 1945, was in good faith, consequently, they are not liable to appellant for double the amount of rent. The issue was completed in appellant's reply. A jury sworn to try the issue of fact, viz., the bona fides of appellees' retaining possession of the property, rendered a verdict in appellees' favor. Judgment was entered by the chancellor on the advice of the jury's verdict, and the case is before us for final determination. In the meantime, demurrers were duly filed and overruled to the petition for further relief, the answer thereto, and the reply.

Appellant urges reversal on three grounds: (1) The Court erred in overruling his demurrer to appellees' answer, (2) the Court erred in overruling his motion for a directed verdict, and (3) there was no competent evidence presented to support the verdict of the jury in denying appellant double rent. The second and third grounds for reversal are dependent on the same facts and principles of law and will be treated as one; and since we have concluded that appellant was entitled to a directed verdict, it is unnecessary for us to discuss or decide the first ground relied on for reversal.

The evidence relied on by appellees in support of their contention that their holding of the property from September 1, 1944, to January 1, 1945, was in good faith believing they had the legal right to do so, is the testimony of C. W. Gaidry, the only witness introduced by them. Mr. Gaidry testified that he believed he had the right to hold the property because he had never entered into a new contract of lease with appellant's predecessors in title, John A. Judy and S. S. Yantis. That was the question presented on the first appeal, and the decision in that case affirmed that of the Chancellor who found that a new contract of lease was entered into. Therefore, the fact now relied on as the basis for the contention that appellees held in good faith is one which has been judicially determined not to have existed. In construing KRS 383.150, this Court, in Aull v. Bowling Green Opera House Co., 130 Ky. 789, 114 S.W. 284, held that a tenant was not liable for double rent where he held over under a renewal lease of debatable validity, if in good faith he believed the renewal lease was valid. The

basis of that decision is that men may differ in their opinions in respect to the validity of a lease, and if one believes, and has reasonable grounds to believe, the lease under which he claims the right of possession is valid, he will not be adjudged to pay double rent in refusing to deliver possession to his landlord, although it should be determined subsequently that the lease under which he claimed was invalid. Undoubtedly the decision in that case is sound, but it is not applicable to the facts and circumstances of this case. Men may differ in their opinions as to the validity of a lease in existence, but they cannot differ in their opinions as to the existence or non-existence of the lease itself. A contention based on the fiction that an existing lease does not exist does not afford reasonable grounds for the establishment of good faith. It is true that Mr. Gaidry testified that his attorney advised him he had the right to hold over. In Ashland Auto Sales Co. et al. v. Stock, 217 Ky. 594, 290 S.W. 487 it was held that advice of counsel is not an absolute defense, but is admissible in evidence as bearing on the question of good faith. In Jones et al. v. Taylor et al., 136 Ky. 39, 123 S.W. 326, Ann.Cas. 1912A., 276 the Court recognized this rule, but pointed out that evidence as to the advice of counsel will not be competent unless the client placed before his counsel all of the facts relating to the case. Mr. Gaidry admitted on cross-examination that he did not apprise his attorney of the fact that a new contract had been entered into between him and Messrs. Judy and Yantis, or that his landlord was asserting a right to possession under the terms of the new contract. That being true, the attorney who advised Mr. Gaidry that appellees had the right to withhold possession of the property from their landlord did not have information as to all the facts before giving his opinion. Thus the entire defense of good faith was based not on reasonable grounds but on fiction, and was insufficient to submit the issue to the jury. But appellees insist that they are entitled to have the judgment affirmed because the Court should have sustained their demurrer to the petition for further relief and to have it dismissed. The basis of this argument is that it was the duty of appellant in the original declaratory judgment action to seek all the relief to which he was entitled and not try the case piecemeal; and since appellant in his answer to the peti-

tion under the declaratory judgment action could have obtained the relief he now seeks, the former judgment is conclusive under the doctrine of res adjudicata or estoppel in law. Generally a former judgment is conclusive not only of all matters actually adjudicated thereby, but in addition, as to all matters which could have been presented for adjudication in the original action. But suits for declaratory judgments do not fall within this rule. The Declaratory Judgment Act itself provides in Section 639a—4 of the Civil Code of Practice:

"Further relief, based on a declaratory judgment, order or decree, may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief, either in the same proceeding wherein the declaratory judgment, order or decree, was entered, or, in an independent action."

The Court properly overruled the demurrer to the petition for further relief.

We are of the opinion the Chancellor should have sustained appellant's motion for a directed verdict, or should have entered judgment for double rent without seeking the advice of a jury on that issue. Since the case was in equity, the judgment is reversed with directions that it be set aside and that another be entered in conformity with this opinion.