COMMONWEALTH of Kentucky and Henry Ward, Director of the Division of Parks In the Department of Conservation of the Commonwealth of Kentucky, Appellants,

v.

Marian Jackson GIVENS, Appellee

Court of Appeals of Kentucky.

March 8, 1957.

Squire N. Williams, Jr., Frankfort, Roy E. Tooms, Jr., London, for appellants.

R. W. Keenon, Robert F. Houlihan and Stoll, Keenon & Park, Lexington, William A. Hamm and Boyd F. Taylor, Jr., London, for appellee.

STEWART, Judge.

This action is a sequel to a decision of this Court which held that appellee, Marian Jackson Givens, was vested with an interest in 690 acres of land in Laurel County which G. D. Jackson and Ella Jackson undertook by deeds dated December 5, 1931, and September 27, 1938, to dedicate to the Commonwealth of Kentucky for park purposes. This land was intended to, and did, become a part of the "Levi Jackson Wilderness Road State Park".

The original suit, filed by the Commonwealth and certain state agencies in the Laurel Circuit Court against Marian Jackson Givens on September 25, 1950, asked for a declaration of rights as to the respective interests of the state and Mrs. Givens in and to the land and, if the latter's claim of owning a share in the property were sustained, the complaint then requested a division of the land and an allotment to each in proportion to their ownership when determined. Mrs. Givens' answer asserted a right to a certain portion of the property and also sought to have the property partitioned in accordance with her allegation in this respect. In paragraph IV of this pleading she averred by way of counterclaim that, during the interval when the disputed property was jointly owned by her and the state, rents were collected by the state from two houses located on the land; crops were raised on and timber removed from the land which were sold by the state; and a barn on the land was destroyed by fire which was covered by state funds set aside for insurance purposes. And she prayed for an accounting in respect to these items and for an apportionment unto her of her share of the money received from these sources by the state. This Court, as has been noted, upheld Mrs. Givens' contention as to her owning an interest in the land, re-

versing the lower court which had adjudged that the land had been dedicated in its entirety for state park purposes. See Givens v. Commonwealth, Ky., 244 S.W.2d 740. Upon a return of the case to the circuit court, judgment was shortly thereafter entered in this action which, after partitioning the property and allotting to Mrs. Givens and the state their respective interests, awarded her, in addition, as her share of the above proceeds claimed to be due her from the state, $666.67, for the loss of the barn, and $1083.60 for rentals received and logs and timber sold.

On April 8, 1953, Mrs. Givens filed her present action in the Laurel Circuit Court against the Commonwealth and certain other agencies of the state, wherein she sought to recover damages in the total sum of $35,500. Briefly stated, her complaint alleged that, during the period of time the state had maintained exclusive control over the property, it had allowed through neglect two houses of the value of $12,000 situated on the land conveyed to her to fall into ruin and become worthless; it had failed through nonuse to keep the land to which she received title cleared and planted in crops, with the result that $12,500 of income was lost to her; it had permitted timber of the value of $1,000 to be cut and taken from her portion of the land; and it had caused her to pay out $10,000 as costs for attorneys' fees and for other expenses in order to establish her rights in the property allotted her. By an amended complaint, the aggregate amount of damages alleged to have resulted to her from the state's sole occupancy of the land was increased to $52,500.

This recovery was sought on the theory that the damages described above were allegedly caused by the state's "taking" her property in violation of Sections 13 and 242 of the Constitution of Kentucky. However, the trial dealt almost wholly with the question of whether the Commonwealth had negligently allowed the houses to deteriorate in the manner recited. There seems to be no controversy here but that Mrs. Givens has abandoned all her other claims for damages. The trial court directed the jury to find for Mrs. Givens on her demand, presenting to them only the actual determination of the amount of damages, and the jury brought in a verdict for Mrs. Givens for $8,000.

The Commonwealth appeals from the judgment rendered, and sets forth six allegations of error. However, the conclusion we have reached makes necessary an extended discussion of only one of them, namely, the defense of res judicata interposed by the Commonwealth to the issues presented in Mrs. Givens' complaint. We believe this plea should have been sustained.

A good definition of res judicata appears in this language in Am.Jur., Judgments, Sec. 161, p. 908: "Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." This definition was approved in Carroll v. Fullerton, 215 Ky. 558, 286 S.W. 847. A broader aspect of this same doctrine is that a judgment rendered on the merits by a court having jurisdiction of the subject matter and parties is conclusive on the rights of the parties and their privies in another action, not only on the points upon which the court was required by the parties to form an opinion and pronounce judgment but as to every point which properly belonged to the subject matter being litigated and which the parties, by reasonable diligence, might have brought forward. See Hays v. Sturgill, 302 Ky. 31, 193 S.W. 2d 648, 164 A.L.R. 868; Triplett v. Bays, 285 Ky. 822, 149 S.W.2d 723.

It is our view that Mrs. Givens' present suit for damages arises out of the

same controversy which involved those matters detailed above that were determined by the same court in the prior action between these same parties. As has been shown, Mrs. Givens sought, and the lower court awarded her, affirmative relief in the original action in the form of a money judgment for rentals collected by the Commonwealth from the land, for the value of timber sold by the Commonwealth off of the land, and for her share of the proceeds due from the Commonwealth's special insurance fund arising from the destruction of a building by fire on the property. The broad basis upon which the former action proceeded was such that, if Mrs. Givens had presented the additional claims sued on here for adjudication in that suit, the lower court would have been compelled to make a decision on that occasion upon all the questions now raised. A careful reading of the record in the old suit, which we have before us, convinces us that the controversy between the parties was prepared and tried with the idea in the minds of the parties thereto that the lower court should determine all the liabilities of the Commonwealth and the rights of Mrs. Givens flowing out of the wrongful appropriation of the land in controversy. We are therefore of the opinion that the points in issue in the case at bar properly belonged to the subject matter already litigated in the former action which Mrs. Givens by reasonable diligence could have ascertained and embraced in that action.

Mrs. Givens insists that the rule of law set forth in the case of Cooke v. Gaidry, 309 Ky. 727, 218 S.W.2d 960, 10 A.L.R.2d 778, precludes the doctrine of res judicata from operating in the present action. We do not agree. In the Gaidry case it was held that a former judgment in favor of the defendant lessor in an action brought by the plaintiff lessee for a declaration of the rights of the parties, the lessee contending that it occupied the premises under a year-to-year lease and the the lessor maintaining that the lease was from month to month, did not bar the lessor from maintaining an action for further relief by way of damages for the lessee's retention of the property beyond the lease period, even though the lessor as defendant in the original action could have sought the same relief in that action.

It is true of course that where the prior action was one merely for declaratory relief, brought for the prime purpose of furnishing the parties guidance for their future actions, the judgment in such a case does not bar a party from thereafter obtaining additional special relief arising out of the same controversy. This Court, however, has many times held that where the pleadings filed and the practice resorted to by the parties have in reality converted the case into an ordinary action at law or suit in equity, even if the cause was originally commenced and labeled as one seeking a declaration of rights, the courts will treat the litigation as an ordinary action or an equitable one, as the case may be. See Fyfee v. Mason, Ky., 268 S.W. 2d 29; Louisville & Jefferson County Metropolitan Sewer Dist. v. General Distillers Corp. of Ky., Ky., 257 S.W.2d 543; Bowles v. Stilley's Ex'r, Ky., 254 S.W.2d 504. Under consideration here is a prior action that began as a purely declaratory proceeding. But, when Mrs. Givens filed her answer and especially her counterclaim to the complaint in that suit, she changed the whole nature of the litigation by transforming it into an action wherein she sought general relief. In short, she not only asserted a claim for a division of the property and for an allotment unto her of her share thereof but she made demand additionally for every species of damages that then occurred to her by reason of the Commonwealth's alleged misappropriation of her property. In view of all this, we conclude the original cause was treated by the parties as an action for general relief.

It is our conclusion in the case at bar that res judicata lies and prohibits Mrs. Givens from asserting the residue of her claims against the Commonwealth.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered dismissing the complaint.

BIRD, J., not sitting.