**J. A. OAKLEY and Fannie Oakley, his wife, Appellants,**

v.

**Cecil BRIDGES and Nettie Bridges, his wife, Appellees.**

Court of Appeals of Kentucky.

June 7, 1968.

Richard M. Compton, Todd & Compton, Georgetown, for appellants.

E. Durward Weldon, Georgetown, for appellees.

CULLEN, Commissioner.

In connection with their purchase of a motel property in 1958, appellants J. A. Oakley and wife were granted an easement in certain lands subsequently acquired by the appellees, Cecil Bridges and wife, which easement was for the construction and maintenance of a sewer line "through, over and under" the servient land. Shortly after the purchase the Oakleys filed a suit against the Bridgeses for a declaration of their rights to use the servient land for a septic tank drain field. Judgment was entered establishing the Oakleys' right to construct and use on the servient land a drain field of specified dimensions and of a specified depth, according to a diagram attached to and made a part of the judgment. The judgment stated among other things that the drain field could not be "moved," and that no new or additional motel units could be connected to the sewer.

In 1967 the Oakleys filed the instant action against the Bridgeses, alleging that the drain field established pursuant to the 1958 judgment was inadequate and seeking a declaration of their right to enlarge the field. The circuit court dismissed the complaint on the ground that the 1958 judgment was res adjudicata. The appeal now before us questions the correctness of that ruling.

The appellants rely upon Cooke v. Gaidry, 309 Ky. 727, 218 S.W.2d 960, 10 A. L.R.2d 778, for the proposition that suits for declaratory judgments do not fall within the general rule that matters which *could have been* presented in the former suit, as well as those which actually were adjudicated therein, are concluded of further litigation. We think this proposition is not applicable here, because as we view the issues the matter sought to be adjudicated in the instant suit was in fact presented and adjudicated in the 1958 suit. Plainly, the

scope, extent, capacity and area of the drain field were adjudicated, and with particularity, in the 1958 judgment. When that judgment declared how *large* the field should be, it of necessity embraced the matter of *enlargement*.

The appellants further rely upon the provision of KRS 418.055 that "Further relief based on a declaratory judgment, order or decree, may be granted whenever necessary or proper." The difficulty is that the relief they are seeking in the instant suit is not based on the former judgment, but upon the original grant of easement.

The appellants contend that the trial court erroneously based its decision in this action in part on incompetent testimony of a former attorney for the appellants, as to a privileged communication between them. It is sufficient to say that the instant action, on the pleadings alone, was required to be dismissed under the rule of *res adjudicata,* so any reliance by the trial court on the allegedly incompetent testimony was of no significance.

The judgment is affirmed.

All concur.