**CITY OF PADUCAH, Kentucky, and Board of Education of Paducah, Kentucky, etc., Appellants,**

**v.**

**ELECTRIC PLANT BOARD OF the CITY OF PADUCAH, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 30, 1970.

J. William Howerton, Corp. Counsel, City of Paducah, Henry O. Whitlow, Waller, Threlkeld & Whitlow, Paducah, for appellants.

Lloyd C. Emery, Paducah, for appellee.

REED, Judge.

The appellants-plaintiffs sued the appellee-defendant in the McCracken Circuit Court for in-lieu-of tax payments allegedly due under KRS 96.820 as amended in 1968. At the time of the institution of the action in the McCracken Circuit Court, the plaintiffs and the defendant were parties to a declaratory judgment action pending in the Barren Circuit Court wherein the validity of a 1968 amendment to 96.820 was posed. The judge of the McCracken Circuit Court ordered that the action instituted in his court be "dismissed without prejudice pending the determination of the action in the Barren Circuit Court." We conclude that this order should be modified to the extent only that it shall provide that the McCracken Circuit Court action be abated pending the determination of the pending action in the Barren Circuit Court. Accordingly, we hold that the order of the McCracken Circuit Court as modified should be affirmed.

The plaintiffs in the McCracken Circuit Court action are the City of Paducah and the Board of Education of the Paducah, Kentucky, Independent School District. The defendant in this action is the Electric Plant Board of the City of Paducah, Kentucky, a municipal electric power system using TVA power.

KRS 96.820 provides a formula for calculating in-lieu-of tax payments to be made by such an entity as is the defendant here. The 1968 Kentucky General Assembly amended KRS 96.820 and the amendment became effective June 13, 1968.

On June 25, 1968, the Electric Plant Board of the City of Glasgow, Kentucky, filed in the Barren Circuit Court an action for a declaratory judgment under the authority of Chapter 418 of KRS to determine the validity of the 1968 amendment. In September of 1968 the plaintiffs in the instant action intervened in the delaratory judgment action in the Barren Circuit Court pursuant to CR 24, and the judge of that court by proper order allowed the intervention and they thereby became parties in that action.

In October of 1968, the plaintiffs presented in-lieu-of tax statements to the defendant. The amount of payments claimed was based upon the assumption that the 1968 amendment to KRS 96.820 had the effect which plaintiffs were asserting in the pending declaratory judgment proceedings. In November of 1968, the defendant made a payment to the plaintiffs less than the amount asserted to be due in the previously submitted statements. Plaintiffs threatened suit for the balance, whereupon defendant then went to the Barren Circuit Court and intervened as a party to the pending declaratory judgment action. The Barren Circuit Court again permitted the intervention and made the defendant a party in that action.

Thereafter, the plaintiffs instituted the present suit against the defendant in the McCracken Circuit Court seeking to collect the difference in money between the amount claimed in their in-lieu-of tax statements and the amount paid by the defendant. The defendant then moved the McCracken Circuit Court to abate this second action because of the pendency of the declaratory judgment proceeding in the Barren Circuit Court. The defendant offered to be bound by the outcome of the Barren Circuit Court proceeding and make

any additional payments due by reason of an unsuccessful result in the declaratory judgment proceeding. The McCracken Circuit Court entered an order dismissing the second action without prejudice pending the determination of the Barren Circuit Court. The declaratory judgment proceedings in the Barren Circuit Court are still pending so far as we are advised by the record in the case before us. The plaintiffs appealed here from the determination of the McCracken Circuit Court refusing to allow them to proceed with their suit to collect.

The plaintiffs argue that their collection suit should not be abated because they have not asserted any claim for payment of money from the defendant in the declaratory judgment proceedings in the Barren Circuit Court. They also assert that they cannot demand the money payments from the defendant in the declaratory judgment proceedings. The plaintiffs contend that their collection action merely has a close connection with the declaratory judgment proceedings and does not have sufficient identity to the cause of action about which the declaration of rights will be made to require abatement.

The defendant argues that the plaintiffs should have asserted a claim in the declaratory judgment proceedings for money due in the event the declaratory relief sought is afforded them. The defendant also urges that the plaintiffs may still make such claim and, therefore, since plaintiffs can receive complete and adequate relief in the declaratory judgment action, the second action for the collection of money should be abated. The plaintiffs counter this argument with the assertion that as permissive intervenors in the declaratory judgment action they are precluded from injecting any element in those proceedings that is not raised by the original parties to that proceeding.

In Summe and Ratermann Co. v. City of Covington, Ky., 314 S.W.2d 568, a plaintiff property owner instituted a declaratory judgment proceeding and sought to enjoin a city and its officers from enforcing a zoning ordinance. An adjoining property owner sought to intervene under CR 24.02. The intervening pleading undertook to inject an independent cause of action against the plaintiff alleging that the plaintiff's premises constituted a nuisance. We held permissive intervention should not have been allowed since the intervening pleading stated a completely new cause of action involving different issues and parties and asked affirmative relief on a ground not involved in the original suit. In the instant case, however, the plaintiffs and the defendant both voluntarily intervened in the declaratory judgment proceeding without objection by any party to that proceeding. Furthermore, by the terms of their respective intervening pleadings, neither the plaintiff nor the defendant undertook to inject a new or independent cause of action in the Barren Circuit Court. All parties sought a declaratory judgment concerning the effect of the 1968 amendment to KRS 96.820 on how to properly measure the amount of in-lieu-of tax payments. If the amendment is construed one way, the defendant owes the plaintiffs the additional payments; if the amendment is construed the other way, the defendant does not owe the plaintiffs any additional payments. The computation of payments is completely auxiliary to and controlled by construction of the effect of the amendment and a determination of the validity and the effect of the amendment was sought from the Barren Circuit Court by the plaintiffs and the defendant.

■ In Riddle v. Howard, Ky., 357 S.W.2d 705, this court held that a second suit should not be abated merely by reason of the existence of a pending action that has no more than connection with the later suit. Nevertheless, as a matter of principle and comity, one court of competent jurisdiction generally will not interfere with another court of competent and concurrent jurisdiction after the first court has acquired jurisdiction of the parties and the subject matter. It is an essential condi-

tion, however, for the application of that judicial policy that the first action shall afford the parties in the second action an adequate and complete opportunity for the adjudication of their rights.

■ In Annie Gardner Foundation v. Gardner, Ky., 375 S.W.2d 705, we pointed out that before abatement is proper it must appear that: (1) the parties in the second suit are substantially the same as the parties in the prior suit, and (2) that the parties will be afforded an adequate and complete opportunity for the adjudication of their rights and for obtaining the remedy they desire in the first suit.

1 Am.Jur.2d, Abatement, Survival and Revival, Sec. 31, p. 71, in a discussion of the problem, declares that although the remedies in the two actions may not be identical, the plea of abatement for another action pending will be sustained where the relief sought in the second action could have been obtained by motion or otherwise in the first action, and is, in fact, merely collateral or incidental to the relief sought in the first action.

■ The plaintiffs argue that they have not and cannot litigate the collection of payments from the defendant in the declaratory judgment action. This argument appears to overlook the existence of KRS 418.055. That section provides that further relief based on a declaratory judgment, order or decree may be granted whenever necessary or proper. The application is by petition to "a court having jurisdiction to grant the relief, either in the same proceeding wherein the declaratory judgment, order or decree, was entered, or, in an independent action. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment, order or decree, to show cause why further relief should not be granted forthwith."

The significance of that section was considered in the case of Cooke v. Gaidry, 309 Ky. 727, 218 S.W.2d 960, 10 A.L.R.2d 78. It was held therein that the rule giving a former judgment conclusive effect not only of all matters actually adjudged thereby but also of all matters which could have been presented for adjudication was not applicable in declaratory judgment proceedings by reason of the provisions of KRS 418.055.

Thus it appears that after a judgment is granted in the pending declaratory judgment action, any party to those proceedings may secure further relief based on the judgment. This right was possessed by the original parties to that action when it was instituted. The same right was acquired by the plaintiffs and the defendant when they were made parties to that action at their own instance and request.

We conclude, therefore, that the plaintiffs are afforded an adequate and complete opportunity for adjudication of the auxiliary incidents of collection and payment in the declaratory judgment proceedings.

■ The plaintiffs explain, however, that the declaratory relief proceedings are moving slowly and they express fear that their claim for payment may be barred by a statute of limitations prior to the declaratory adjudication. Declaratory judgment proceedings are afforded the right to early hearing in the trial court by statute. KRS 418.050. The appeal from a declaratory judgment is eligible for advancement, immediate hearing and submission in this court. KRS 418.060.

Nevertheless, the defendant is entitled to have the second suit for collection of payments abated and nothing more, pending determination of the proper construction of KRS 96.820 as amended in the declaratory judgment proceedings. Perhaps the McCracken Circuit Court could be considered a "court having jurisdiction to grant supplemental relief based on the declaratory judgment" of the Barren Circuit Court pursuant to KRS 418.055. Therefore, we have concluded that the second action pending in the McCracken Circuit Court should

not be regarded as dismissed without prejudice or extinguished presently, subject to a right to reinstitution at a later time, but rather should be regarded as abated pending culmination of the declaratory judgment proceedings between the parties in the Barren Circuit Court. This will remove any possible prejudice to the plaintiffs that could result from the operation of limitations provisions that might otherwise be applicable.

Hence, it is our determination that the order of the McCracken Circuit Court from which this appeal is taken should be modified to provide that the action pending before that court is abated, pending final termination of the declaratory judgment proceedings between the parties in the Barren Circuit Court, and subject to such further orders of the McCracken Circuit Court as may be necessary or proper in the circumstances. The order as so modified is affirmed.

All concur.