Thelma HARRIS, Individually and as Executrix of the Estate of Ida Lee Chandler, Deceased, Appellant,

v.

Viola WALLACE et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Jerry W. Nall, Nall & Stephens, Owensboro, for appellant.

Joseph S. Freeland, Dandridge F. Walton, Paducah, for appellees.

PALMORE, Judge.

The appellant, Thelma Harris, individually and as executrix of the will of Ida Lee Chandler, brought this action against her two sisters and three brothers for a declaration of rights as to how she should distribute the estate.

The will devised the entire estate of the testatrix to her three daughters, Viola Wallace, Thelma Nell Harris (appellant), and Edith Nobles. After it had been admitted to probate by the McCracken County Court Viola, Edith, and the three brothers entered into a written agreement (hereinafter called the division agreement) to the effect that the shares of Viola and Edith would be divided equally among the five of them "insofar as possible, in order to preserve harmony and good feeling among them as members of the same family." Subsequently the three brothers contested the will by appealing the order of probate to the McCracken Circuit Court. A jury trial resulted in a verdict and judgment upholding the will. That judgment was not appealed.

Neither Viola nor Edith was a party plaintiff in the will contest proceeding. However, Viola was subpoenaed as a witness by the plaintiffs (the three brothers) and testified pursuant to the subpoena.

The issue was whether the will had been executed as the result of undue influence exerted on the testatrix by Thelma (appellant).

The present litigation arises out of the following clause in the will:

"If any beneficiary hereunder shall contest the provisions or validity of this will or any provision thereof or shall institute or join in (except as party defendant) any proceeding to contest the validity of this will, or to prevent any provisions thereof from being carried out in accordance with its terms (regardless of whether or not such proceedings are instituted in good faith and with proper cause), then and in that event all benefits provided for such beneficiary are revoked and such benefits shall pass to the remaining beneficiaries under this will."

In addition to the essential facts set forth above, the appellant's complaint for a declaration of rights, as amended, alleged that Edith was taking the position that the division agreement was invalid, that Viola had testified for the will contestants (the three brothers) in their unsuccessful action to set aside the will, and that Viola's action in so doing was tantamount to contesting the will and therefore had forfeited her benefits under it. The amended complaint demanded a judgment declaring that Viola's interest under the will had been forfeited and that the estate should be divided equally between Thelma (appellant) and Edith or, should the court find that Viola's interest had not been forfeited, requiring Edith, Viola and the three brothers to "interplead" and settle their rights with respect to the estate.

Among the other pleadings in the case was a cross-claim by Edith alleging that by reason of fraud and a failure of consideration the division agreement was invalid and that she was entitled to one-third of the estate as provided in the will. Viola and the three brothers denied these allegations and joined in Thelma's original demand for a declaration of rights of the respective parties.

A trial was had before the court without a jury. Edith testified in her own behalf. By agreement, a transcript of testimony given by Viola in the will contest proceeding was introduced in behalf of Thelma (appellant). Evidence for Viola and the three brothers consisted entirely of testimony by their counsel.

The trial court entered findings of fact, conclusions of law, and a judgment to the effect that the division agreement was valid and that Viola's act in testifying as a witness in the will contest suit did not forfeit her rights under the will. The judgment directed that the net estate be divided one-third to Thelma (appellant) and two-fifteenths each to Viola, Edith, and the three brothers.

It is interesting to note that at no time before entry of the judgment did the appellant, Thelma, take the position that the action of her two sisters in signing the division agreement had effected a forfeiture of their interests under the will; hence the findings of fact, conclusions of law, and judgment do not mention the subject. Yet that seems to be what she is driving at in this appeal.[1] Her contention is that a declaratory judgment is not *res judicata* as to issues not raised, cf. Cooke v. Gaidry, 309 Ky. 727, 218 S.W.2d 960, 10 A.L.R.2d 778 (1949), and City of Paducah v. Electric Plant Board, 449 S.W.2d 907, 910 (1970), and that this cause should be remanded to the trial court for further proceedings directed to the issue of whether the division agreement forfeited the rights of Viola and Edith under the will. At the same time, both the appellant and the appellees have briefed the latter question on its merits.

Thelma (appellant) does not contend that the division agreement was invalid or

1. Appellant has changed counsel since the judgment was entered.

that Viola's testifying in the contest proceeding effected a forfeiture of her rights under the will. The only way in which we can read any coherence into her argument on this appeal is to assume that she objects to that portion of the judgment which directs the manner in which she shall distribute the estate. Her contention appears to be, in effect, that unless and until the question of whether the participation of Viola and Edith in the division agreement effected a forfeiture under the no-contest clause of the will is (1) raised, (2) tried, and (3) adjudicated, any judgment determining how the estate should be divided is premature and, in that respect, erroneous. Surely it would be a queer appeal without a contention that something in the judgment is wrong.

The argument that a declaratory judgment is not necessarily conclusive on issues that would be concluded by a judgment in another type of proceeding does not help the appellant in this case, because the rule is that a party to a declaratory judgment proceeding may thereafter secure further relief "based on the judgment." Cf. City of Paducah v. Electric Plant Board, 449 S.W.2d 907, 910 (1970); KRS 418.055. Certainly, at least, there is nothing in the principle that would allow relief *inconsistent with* the declaratory judgment, because that would destroy the very purpose of declaratory proceedings. So, in the first place, for the reason that the relief appellants want now would be inconsistent with the judgment fixing the proportionate interests of the parties, it could not be obtained through further proceedings. And in the second place, since she has not asked the trial court for any further action or relief she cannot have any valid complaint on the ground that it has not been granted. There is no basis for the reversal of a judgment unless the trial court has made an error.

Had Thelma limited the demands of her complaint and amended complaint to a simple adjudication of whether (1) the division agreement was valid and (2) Viola had forfeited her rights under the will by appearing as a witness for the contestants, it would have been improper for the trial court to direct the manner in which the estate should be distributed, because, as she rightfully contends, other issues might have had to be resolved before such a determination could be made.

We doubt that further evidence would be necessary or even admissible in order to determine whether the testatrix' intention, as expressed in the no-contest clause of the will, was that an action such as Viola and Edith took in agreeing to share their portions of the estate with the three brothers would forfeit their interests under the will. We think it very doubtful also that Thelma could prevail in her argument that the agreement did effect a forfeiture. But we need not and do not reach those questions. The fact is that Thelma herself asked the trial court to tell her how to divide the estate. The court did so, and it could not have done so unless Thelma and the other parties had waived all questions except the ones they chose to present to the court incident to its determination of the manner in which the property was to be divided. By asking the court to make this determination Thelma implicitly negated the existence of any issues pertinent to that determination except for those which were specifically raised and brought to the court's attention. Only chaos could result if a litigant in a declaratory judgment action were permitted, after judgment, to raise new and further issues for the purpose of obtaining relief inconsistent with the judgment already entered.

Since the judgment gave the appellant the relief demanded in her complaint, to-wit, a declaration of rights and interests of the parties to the estate in her hands, we hold that it was not premature, not erroneous, and that it is conclusive as to all issues that were or could have been raised by the parties with respect to the determination of those rights and interests.

The appellant makes a further contention that the cause should be remanded for correction of the transcript of evidence. It has already been corrected once pursuant to an appropriate motion. She does not claim that the clerk's record does not contain all of the pleadings or that the factual findings of the trial court are not supported by the evidence. The factual findings being unchallenged, the pleadings and briefs are all that are necessary to our decision on this particular appeal.

The judgment is affirmed.

All concur.