**John CIANCIOLO and Margaret Cianciolo, Appellants,**

v.

**Michael LAUER and Penny Lauer, d/b/a Michael Lauer Racing Stables, Appellees.**

**No. 90–CA–1996–MR.**

Court of Appeals of Kentucky.

Dec. 6, 1991.

Jerry M. Miniard, Starke & Combs, Florence, for appellants.

Kenneth J. Dietz, Busald Funk Zevely, PSC, Florence, for appellees.

Before HAYES, MILLER and SCHRODER, JJ.

MILLER, Judge.

John Cianciolo and Margaret Cianciolo bring this appeal from what we perceive to be a Kentucky Rule of Civil Procedure (CR) 12 dismissal of their action by the Boone Circuit Court. We affirm.

It appears that on December 20, 1988, the Cianciolos contracted with Michael Lauer and Penny Lauer, d/b/a Michael Lauer Racing Stables (Lauer), for the care of certain horses. On June 20, 1989, Lauer filed suit in the Boone District Court to collect the sum of $3,870.56 due on the boarding account. The Cianciolos were duly served, but failed to appear. Thereafter, a default judgment was entered. Efforts were made to set aside the judgment, but the district court declined to do so. On January 23, 1990, the Cianciolos filed a complaint in the Boone Circuit Court against Lauer, alleging negligence in the care of their horses. Lauer defended on the basis that the negligence suit was a compulsory counterclaim under CR 13.01 and, therefore, barred by failure to assert in the action involving the boarding bill.

We have reviewed the record and cannot say more than that the circuit court was correct under the authority of *England v. Coffey,* Ky., 350 S.W.2d 163 (1961). Under this decision, we perceive the law to be that when one is duly summonsed and suffers a default, he not only loses his right to defend in that litigation, but also his right to assert in an independent action a claim deemed to have been a compulsory counterclaim under CR 13.01. It cannot be doubted that the Cianciolos' claim for negligence in the care of their horses was, under our rule, a compulsory counterclaim in Lauer's suit on the boarding account.

For the foregoing reasons, the judgment of the circuit court is affirmed.

All concur.