**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0446n.06
Filed: June 27, 2006

**No. 05-6003**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TERI HOLBROOK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SHELTER INSURANCE COMPANY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: BOGGS, Chief Judge; GIBBONS and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge**. Plaintiff-appellant Teri Holbrook was involved in an automobile accident with Herman and Donna Carpenter on December 6, 1998. The Carpenters sued Holbrook in Kentucky state court for damages arising from the accident; in response, Holbrook claimed coverage under a three-month auto insurance policy that she purchased from defendant-appellee Shelter Insurance Company ("Shelter") on September 8, 1998. Shelter denied Holbrook coverage and representation and filed an action in Kentucky state court seeking a declaration that Holbrook was not covered at the time of the accident. The court consolidated the declaratory judgment action with the Carpenters' suit and determined that Holbrook was validly covered by her Shelter insurance policy at the time of the accident. Shelter at that point assumed responsibility for the defense of the Carpenters' action and settled all claims with the Carpenters for $14,000.

1

Holbrook then sued Shelter in Kentucky state court, seeking damages from Shelter's temporary denial of coverage under state tort law, the Kentucky Unfair Claims Settlement Practices Act, Ky. Rev. Stat. § 304.12-230, and the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.170. Shelter removed the case to the United States District Court for the Eastern District of Kentucky. Shelter filed a motion to dismiss the complaint, arguing that Kentucky law precludes Holbrook's claims because, as compulsory counterclaims, she was required to raise them in the prior declaratory judgment action. As she failed to do so, Shelter argued that the claims are now precluded by res judicata. The district court agreed and granted the motion. Holbrook then moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). The court denied this motion and Holbrook filed a timely notice of appeal. For the following reasons, we affirm the ruling of the district court.

The panel reviews a district court order granting a motion to dismiss de novo. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

The preclusive effect of the prior judgment in this case requires consideration of Kentucky res judicata law.[1] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In

---

[1] Holbrook claims that the district court improperly applied federal res judicata law instead of the applicable state law, but her claim is utterly lacking in specificity. As a result, we need not consider the argument. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some attempt at developed argumentation, are deemed waived."). We note, however, that the district court cited *Migra* and explicitly applied Kentucky law to the case where possible.

Kentucky, three elements are required before res judicata acts to preclude a subsequent claim: "First, there must be identity of parties. Second, there must be identity of the two causes of action. Third, the [prior] action must be decided upon its merits." *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky. 1970); *accord Yeoman v. Commonwealth of Ky. Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998). The first and third prongs of this test are not disputed, but there is some question regarding the identity of the causes of action in this case. In Kentucky, this part of the test is construed broadly. "[T]he plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Combs v. Prestonsburg Water Co.*, 84 S.W.2d 15, 18 (Ky. 1935) (internal quotation omitted); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 520 (6th Cir. 2004) ("Kentucky state law applies res judicata to bar not just asserted claims, but all claims which should have been raised in prior litigation.").[2]

Compulsory counterclaims are "claims which should have been raised in prior litigation." *DLX, Inc.*, 381 F.3d at 520. Kentucky Rule of Civil Procedure 13.01 establishes, without exception for declaratory judgment actions, that some counterclaims are compulsory:

A pleading shall state as a counterclaim any claim which at the time of serving the

---

[2] Holbrook argues that Kentucky law restricts preclusion to issues actually litigated. Holbrook's cited cases refer to issue preclusion rather than claim preclusion, however, and are therefore inapplicable to this case. *See City of Louisville v. Louisville Prof'l Firefighters Ass'n*, 813 S.W.2d 804, 807 (Ky. 1991) (addressing the difference between claim preclusion and issue preclusion and noting that issue preclusion bars reconsideration only of questions actually litigated in a prior action).

> pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The Kentucky courts have summarized the purpose and impact of Rule 13.01:

> The foregoing rule created a new procedural method. Formerly, one could refrain from pleading a matter as a counterclaim and thereafter make it the basis of an independent suit. Although it has long been a general policy of the law that a multiplicity of suits should be avoided – our rule of optional counterclaim was an exception and a defect. [Rule] 13.01 has corrected it. . . . The counterclaim must be asserted only if it arise [*sic*] out of the transaction or occurrence that is the subject matter or foundation of the opposing party's claim. If it is not presented by pleading the matter will be *res judicata*, and it would not support an independent action.

*England v. Coffey*, 350 S.W.2d 163, 164 (Ky. 1961) (internal citations and quotations omitted); *see also Cianciolo v. Lauer*, 819 S.W.2d 726, 727 (Ky. Ct. App. 1991) ("[W]hen one is duly summonsed and suffers a default, he not only loses his right to defend in that litigation, but also his right to assert in an independent action a claim deemed to have been a compulsory counterclaim under [Rule] 13.01."). Kentucky law thus precludes assertion of compulsory counterclaims for the first time in a subsequent action.

Holbrook argues that, notwithstanding the clear precedent regarding the requirements for bringing compulsory counterclaims, declaratory judgment actions are excepted from the general res judicata rule and that their preclusive effects are limited to the single issue presented for determination. *Cooke v. Gaidry*, 218 S.W.2d 960, 962 (Ky. 1949); *see also* Ky. Rev. Stat. § 418.055 ("Further relief, based on a declaratory judgment, order or decree, may be granted whenever necessary or proper."). *Cooke*, however, predates the compulsory counterclaim rule, and its holding has since been construed to refer merely to subsequent actions for specific relief based on the

4

judgment. *Harris v. Wallace*, 474 S.W.2d 878, 881 (Ky. 1971) ("The argument that a declaratory judgment is not necessarily conclusive on issues that would be concluded by a judgment in another type of proceeding does not help the appellant . . . , because the rule is that a party to a declaratory judgment proceeding may thereafter secure further relief based on the judgment." (internal quotation marks omitted)). Thus, *Cooke* applies only to a particular type of subsequent action. Further, Holbrook has identified no precedent whatsoever indicating that declaratory judgment actions are immune from the normal rule on compulsory counterclaims. There is no reason why such actions would be excluded from the rules of civil procedure or from the compulsory counterclaim rule, as the policy rationale for compulsory counterclaims – to eliminate wasteful, repetitive actions – applies with equal force in declaratory judgment actions and in actions seeking other relief. *Williams v. Carter Bros.*, 390 S.W.2d 873, 875 (Ky. 1965) ("The real purpose of Rule 13.01 is to require that all issues be resolved between the parties in one trial and to avoid the multiplicity of trials.").

To the extent that Holbrook argues that the bad faith and statutory claims at issue here are merely actions for further relief "based on the [declaratory] judgment," her argument similarly fails. *Harris*, 474 S.W.2d at 881 (quotation marks omitted). All of the bad faith and statutory claims require Holbrook to develop a legal case that incorporates the prior declaration of coverage but also requires additional proof. For example, to prevail on her bad faith claim, Holbrook must show not only that she was covered by Shelter but also that Shelter lacked a reasonable basis for denying coverage. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Subsequent actions for further relief based on the judgment, by contrast, require no additional liability determinations. Instead, the

statute permitting further relief based on the declaratory judgment, Ky. Rev. Stat. § 418.055, envisions claims for damages or equitable relief made solely in reliance on the declaration. *See Oakley v. Bridges*, 429 S.W.2d 31, 32 (Ky. 1968) (denying "further relief" where relief sought was not directly based on the former judgment). The claims asserted in this case are not based on the prior declaration and thus cannot be construed as "further relief based on the judgment."

Finally, Holbrook asserts that her claim was unripe at the time of the prior action and therefore could not have been asserted in the prior action. An unaccrued claim cannot be precluded by a prior action: *Watts v. K, S, & H*, 957 S.W.2d 233, 237 (Ky. 1997) ("[T]he defense [of res judicata] cannot be used to cut off a cause of action before it accrues"). According to Holbrook, her claims had not accrued at the time of the prior declaratory action because bad faith claims cannot be asserted until the insurer's obligation to pay is established and because the insurance contract language prevented Holbrook from filing suit until its conditions were met.

The essence of Holbrook's first argument is that the determination of coverage must necessarily have preceded the filing of the bad faith claim.

> An insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Wittmer*, 864 S.W.2d at 890 (alteration and citations omitted). Holbrook claims that the determination of the insurer's obligation to pay – the first prong of the bad faith standard – is a prerequisite for filing a bad faith claim. This contention is flawed: the determination of the insurer's

obligation is merely one element that the insured must prove in order to prevail on her claim. Holbrook has provided no precedent indicating that a bad faith claim can *only* be filed after the resolution of the insurer's obligation to pay, nor could she do so. To the contrary, such a holding would place an undue procedural burden on both plaintiffs and on the courts because it would *require* successive litigation.

As Shelter concedes, it is a simple matter to hypothesize situations where a bad faith insurance claim might accrue after the determination of coverage. For example, had Shelter failed to provide counsel for or pay the claim against Holbrook after the state court issued its declaratory judgment determining coverage, it is clear that Holbrook could bring a subsequent suit for bad faith. In this case, however, Holbrook asserts damages resulting only from the temporary denial of coverage preceding the state court judgment. As Shelter had already denied coverage when it initiated the state action, Holbrook could have asserted that the denial was wrongful in that prior action. *See, e.g. Northfield Ins. Co. v. First Nat'l Bank & Trust*, No. 2001-CA-002291-MR, 2003 WL 1225673, at *2 (Ky. App. Ct. Oct. 15, 2003) (involving simultaneous claims of bad faith denial of coverage and declaratory judgment regarding coverage under Kentucky law); *Hartford Fin. Servs. Group, Inc. v. Cleveland Pub. Library*, 2006 WL 238215, at *2 (6th Cir. Jan. 31, 2006) (same); *Century Bus. Servs., Inc. v. Utica Mut. Ins. Co.*, 122 F. App'x 196, 199 (6th Cir. 2005) (same); *see also Manterola v. Farmers Ins. Exchange*, 30 P.3d 639, 648 (Ariz. App. 2001) (noting the "fairly common practice" of litigating coverage and bad faith claims in the same action). Holbrook's claims had therefore accrued and she cannot defend against the operation of res judicata on this ground.

Finally, Holbrook misreads the effect of the language in her insurance policy. The policy

7

states that "[n]o action will lie against us *under any coverage* unless the insured shall have fully complied with all the terms of this policy" (emphasis added). The contract thus prohibits suit against Shelter solely for coverage under the policy until the policy terms are met; as the district court noted in denying reconsideration, this clause does not prohibit other types of claims – including the tort and statutory claims at issue here.

For the foregoing reasons, we affirm the dismissal of this case by the district court.