SUMME & RATERMANN COMPANY, a Kentucky Corporation, Appellant,

v.

CITY OF COVINGTON, a Municipal Corporation, et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1958.

John J. O'Hara, James A. Dressman, James A. Dressman, Jr., Covington, for appellant.

Ralph P. Rich, Jack Howell, Covington, for appellees.

CLAY, Commissioner.

This suit was brought by plaintiff appellant for a declaration of rights and to enjoin the City of Covington and its officers from enforcing a zoning ordinance. An adjoining property owner was permitted to file an "intervening complaint" alleging the condition of plaintiff's premises constituted a nuisance.

The Chancellor (1) denied the injunction against the city asked by the plaintiff, (2) declared the condition of plaintiff's premises constituted a nuisance, and (3) adjudged that plaintiff refrain from using its premises as "a parking place for its trucks".

In 1927 plaintiff owned and operated a dairy plant in the middle of a block in the City of Covington. In 1931 this block was zoned "Residential B" (excepting, of course, plaintiff's plant as a non-conforming use). In 1946 the plaintiff purchased two lots to the rear of the plant fronting on 19th Street. It thereafter used these lots as a parking place for the automobiles of its employees. (One or two trucks were occasionally parked there.) In 1946 the Board of Adjustment gave plaintiff "verbal permission" to park pleasure vehicles on these lots.

In 1953 plaintiff began making home deliveries from its plant, and thereafter used

these lots for parking of small delivery trucks. Early in 1955 the city threatened to prosecute plaintiff for violation of the zoning ordinance.

■ Plaintiff contends that the zoning ordinance was arbitrary and unreasonable because it zoned as residential the immediate area surrounding plaintiff's plant. However, when this ordinance was enacted the residential use of this block was about 60 per cent. Some might think it better planning to allow some area for the expansion of plaintiff's plant, but there is nothing in this record to show that the city acted arbitrarily or unreasonably in classifying the surrounding lots as residential. It was a proper exercise of police power. See City of Louisville v. Bryan S. McCoy, Inc., Ky., 286 S.W.2d 546.

■ In addition, we have grave doubts the plaintiff can now raise this question, since it and other property owners have accepted and acted under this ordinance for 25 years. This same objection may be made to plaintiff's contention that it is being deprived of property without due process of law. If the city acted unreasonably, or if plaintiff was unlawfully deprived of its property, this happened in 1931. The new proposed use of the property, initiated in 1953, does not constitute relevant evidence that the ordinance was invalid when enacted.

■ Plaintiff strenuously objects to the action of the court in permitting an adjoining property owner to intervene in this action by filing a complaint. This objection is well founded. The intervening complaint stated a completely new cause of action, involved different issues and parties, and asked affirmative relief on a ground not involved in the original suit. This intervening complaint is not authorized by CR 24.02 and should not have been permitted.

As a consequence, the Chancellor should not have adjudicated that plaintiff's use of the premises constituted a nuisance. It

would have been proper to permit adjoining property owners to join the suit as amicus curiae, but the sole question presented that should have been decided was whether or not plaintiff's use of the lots for parking trucks violated a valid ordinance. The Chancellor correctly decided this issue.

The judgment is affirmed in part and reversed in part, with directions to enter a judgment consistent with this opinion.