V. L. PELPHREY et al., Appellants,

v.

Wince COCHRAN et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1970.

Marcus Mann, Salyersville, for appellants.

Jack L. Lewis, Paintsville, for appellees.

PALMORE, Judge.

This is a contest between two factions of the Oil Springs United Baptist Church over the right to use and control the church property, which is located in Johnson County. The appellants, losers in the trial court, contend (1) that the proceeding should have been abated pending the outcome of a suit previously filed in the Magoffin Circuit Court and (2) that the judgment on the merits was erroneous. A third question is whether the controversy is justiciable in view of Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1968).

The Oil Springs Church (hereinafter called the church) was formed in 1879. It became a member of the Paint Union Association of United Baptists (hereinafter called the association) in 1888. At that time the adherents of this particular faith held a strict view toward "plural marriages" and would not allow membership to any person who had been divorced and remar-

ried. However, in 1910 the association relaxed its position and recognized an exception to the rule when the cause of the divorce was fornication committed by the former spouse. This continued to be the doctrine of the association at the inception of this litigation.

The appellants, V. L. Pelphrey and oth-others, are what we shall call "strict constructionists" in that they do. not recognize or accept any exception to the rule against "plural marriages."

The property in question was conveyed to the church in 1925. Pelphrey became a member of this particular church in 1955 or 1956 and was elected as its moderator in 1960. Accepting the evidence most favorable to the appellants, despite the official position of the association the members of the church were all strict constructionists, and for that reason the association in 1965 terminated its membership. However, in 1967 some of the members of the church had a change of heart and proposed to take the church back into the association. A dispute resulted, and the latter group "walked out." Their application for readmission to the association was accepted at its annual meeting on September 15, 1967, as evidenced by the following excerpt from the minutes of the meeting:

> "Oil Springs Church which had been set aside for not inviting members to take the Communion who were plural married, by this breaking the order Paint Union Association. The Church, came to this Association with letter and delegates desiring fellowship, agreeing to keep and obey all orders of the Association. The ordained authority came before the Association and made satisfaction. By motion and second the church was received unto our fellowship by unanimous consent."

Litigation of the controversy began on September 16, 1967, when the appellants and others of their group, purportedly suing as officers and members of the church and representing all of its members as a class, filed an action in the Magoffin Circuit Court *against the association* and its officers. Their complaint stated that on September 2, 1967, at a regular meeting of the church the persons thereafter readmitted to the association on September 15, 1967, had been "set aside" or expelled and had no authority to represent the church, and that by publishing and distributing its minutes the association would cause the plaintiffs to be held up to ridicule and scorn and thereby do them irreparable injury. The prayer of the complaint was that the association its officers be enjoined "from publishing by word of mouth or in written form or otherwise information adverse to these plaintiffs."

Thereafter, on October 12, 1967, the appellees, Wince Cochran, Tom Williams and Taylor Williams, suing as trustees and moderators of the church, brought this suit against the appellants in the Johnson Circuit Court. They alleged in substance that the appellants were setting up a claim to and interfering with their use of the church property and asked injunctive relief. As of that time none of the appellees had been named or otherwise made a party to the suit in the Magoffin Circuit Court.

On October 31, 1967, the appellants moved that the suit against them in the Johnson Circuit Court be dismissed by reason of the action pending in the Magoffin Circuit Court. A response was filed and the motion overruled on the same day. The case in the Johnson Circuit Court proceeded to trial on January 27, 1968, at which time counsel, for the appellants ."called the Court's attention to the fact that there is a similar case now pending in Magoffin County between these same parties, and it was agreed by counsel, and so ordered by the Court that copies of the pleadings in the Magoffin Circuit Court, by agreement may be filed in this Court."

█ Copies of the pleadings in the Magoffin Circuit Court appear in this record as exhibits attached to the transcript of testimony. There is no reference

to them except as quoted above. They show that by an order entered on December 6, 1967, the Magoffin Circuit Court permitted the appellants to amend their complaint so as to bring in the appellees as defendants and set up the controversy over the church property. This amendment does, of course, make the issues and parties in the two courts sufficiently similar to require that one of the two proceedings be abated in favor of the other. But it was not so at the time the Johnson County suit was filed. As of that time it cannot be said, we believe, that the first action would "afford the parties in the second action an adequate and complete opportunity for the adjudication of their rights." City of Paducah v. Electric Plant Board, Ky., 449 S.W.2d 907, 910 (1970). The ultimate issue may have been the same, but certainly the parties were not. It is our opinion that when both the issues and the parties in the two courts became substantially the same it was the Johnson County suit which had priority.

■ Citing CR 15.03, the appellants contend otherwise upon the theory that the amendment of their complaint in the Magoffin Circuit Court related back to the date the complaint was filed. There are at least two answers to this argument. The first is that there is nothing to indicate that a motion to abate was presented or renewed at any time after the Magoffin County complaint had been amended. In fact, from the way in which copies of the Magoffin County. papers were entered into the record of this case it seems doubtful that the trial court ever had the amendment brought to its attention. The second is that CR 15.03 never did apply literally under any and all circumstances, as the comments in Clay, Kentucky Practice, CR 15.03, make abundantly clear. Even as the rule has been amended, effective July 1, 1969, it would apply to a new defendant only in case of a mistake but for which the action would have been brought against him in the first instance. There was no such mistake here.

As to the new and additional defendants the amendment simply did not relate back.

■ The main argument goes to the merits of the case. The trial court found that the church is denominational in character and that the association is its governing authority on matters of doctrine, but that even if it were held to be a congregational or wholly self-governing church the result would be the same, because at the time of the schism the faction represented by the appellees outnumbered the appellants' faction by 25 to 8. Therefore, since both the association and the majority of the church congregation agree on what is the true doctrine of the church, it is the appellants who have departed from it.

Without regard to whether the government of the church is denominational or congregational in character, which becomes a moot question on the point of doctrine when the association and the congregation are in agreement, the judgment seems absolutely correct to us. The only theory on which the appellants could rely is that the association and the majority of the church congregation are the ones who have departed from the fundamental doctrine of their religion, and that would require the courts to resolve an issue forbidden to them by the decision of the Supreme Court in Presbyterian Church in United States v. Mary Elizabeth Blue Hall Memorial Presbyterian Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1968).

■ As we understand the opinion in Presbyterian Church v. Hull Church, a court may not resolve ecclesiastical questions, but it may resolve property rights that "turn on a church decision as to church doctrine" and which do not require the court "to engage in the forbidden process of interpreting and weighing church doctrine." 393 U.S. at p. 451, 89 S.Ct. at p. 607. In this instance the trial court merely recognized as church doctrine that which had been so declared by the church authorities vested with the power to declare it—either the association if the church

was a part of its hierarchy or a majority of the congregation if it was not. The judgment rests on the basis that the appellants are not "the church" because they possess no authority from the congregation or from any higher governing body. The same result would follow had there been no mention whatever of church doctrine.

The judgment is affirmed.

All concur.